# In the United States Court of Federal Claims

No. 11-779C

(Filed: February 10, 2012)

| | |
|---|---|
| ************************************ * <br> * <br> * <br> STARR INTERNATIONAL COMPANY, INC., * <br> * <br> * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> THE UNITED STATES, * <br> * <br> Defendant, * <br> * <br> and * <br> * <br> AMERICAN INTERNATIONAL GROUP, INC., * <br> * <br> Nominal Defendant. * <br> * <br> ************************************ * | Shareholder Derivative Actions; Corporation as Necessary Party; Waiver of Sovereign Immunity; Service of Process; Proper Alignment of Corporation; Rules 4, 19(a), and 23.1; Required Joinder. |

*David Boies*, with whom were *Hamish P. M. Hume* and *Samuel C. Kaplan*, Boies, Schiller & Flexner LLP, Armonk, New York and Washington, D.C., for Plaintiff.

*Brian M. Simkin*, Assistant Director, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Shalom Brilliant*, *Brian A. Mizoguchi*, and *John J. Todor*, Of Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

Plaintiff, Starr International Company, Inc. ("Starr") filed its initial complaint in this Court on November 21, 2011, both individually and on behalf of a class of American

International Group, Inc. ("AIG") shareholders, pursuant to Rule of the Court ("RCFC") 23, and derivatively on behalf of AIG itself, pursuant to RCFC 23.1. On January 31, 2012, Starr filed an amended complaint with the same class action and derivative postures, alleging, *inter alia*, that the Government took more than 500 million shares of AIG common stock without just compensation. Am. Compl. at 2; see also Pl.'s Mem. (Dec. 19, 2011) at 6. Starr requests approximately $25 billion in damages. Id. at 57.

In accordance with a scheduling order that the Court issued on December 7, 2011, Starr moved on December 19, 2011 for the Court to issue a "summons" to AIG as a "nominal defendant." The Government filed its opposition on January 5, 2012, arguing that the Court instead should "join" AIG as an "involuntary plaintiff." Starr replied to the Government's opposition on January 19, 2012. On January 31, 2012, the Court held a hearing on Starr's motion. This issue is ready for decision.

For the reasons discussed below, the Court GRANTS IN PART Starr's motion.

Discussion

A. AIG Is a Necessary Party to This Litigation.

A corporation is a "necessary party" in a derivative action by its shareholders. Ross v. Bernhard, 396 U.S. 531, 538 (1970). Derivative proceedings "should be so conducted that any decree which shall be made on the merits shall [have preclusive effect upon] the corporation. This can only be done by making the corporation a party defendant." Davenport v. Dows, 85 U.S. 626, 627 (1873). Here, the parties agree that AIG is a necessary party to this litigation. Pl.'s Mem. (Jan. 19, 2012) at 1; see also Def.'s Mem. (Jan. 5, 2012) at 6; Pl.'s Mem. (Dec. 19, 2011) at 4-6. In contention is whether the Court should require AIG to answer Plaintiff's amended complaint, by issuance of a summons, and whether AIG is better characterized as an involuntary plaintiff or as a nominal defendant.

B. Derivative Procedures Do Not Exceed the Tucker Act's Ordinary Waiver of Sovereign Immunity.

The Tucker Act waives the Government's sovereign immunity to claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). Derivative actions do not broaden the scope of this waiver. First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1293 (Fed. Cir. 1999). Rather, derivative procedures "permit[] shareholders to step into the shoes of the corporation and file suit as fiduciaries on the corporation's behalf and for the corporation's benefit." Id. The Court merely hears the corporation's claim against the Government and awards any

relief to the corporation within the ordinary scope of the Tucker Act. Id. (citing Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 528-29 (1984)). Here, Starr steps into the shoes of AIG to challenge the Government's alleged taking of AIG's property without just compensation, in violation of the Fifth Amendment to the Constitution. Pl.'s Mem. (Dec. 19, 2011) at 6. Irrespective of its derivative posture, this action falls squarely within the Tucker Act's waiver of sovereign immunity.[1]

### C. AIG Is Best Characterized As a Nominal Defendant.

If a necessary third party is present within a federal court's geographical jurisdiction, or otherwise subject to the court's personal jurisdiction, the plaintiff must serve that party with process. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1606 (3d ed. 2011). An involuntary plaintiff procedure allows the court to join the third party without service of process, and to enter preclusive judgment against it, only when the party is "beyond the reach of process" and has notice but refuses to join the action. Id. at n.7 (quoting Indep. Wireless Tel. Co. v. Radio Corp. of America, 269 U.S. 459, 473 (1926)). Since this Court has nationwide jurisdiction and AIG is a Delaware corporation, the involuntary plaintiff procedure is inapposite.

Moreover, "the standard practice in shareholder-derivative actions" is to align the corporation as a defendant. Pl.'s Mem. (Dec. 19, 2011) at 5, 5 n.1 (collecting citations). This practice is particularly suitable here, where the Government is AIG's controlling shareholder. It makes little conceptual sense for a Government-controlled entity to be aligned in litigation *with* a dissident shareholder (Starr) and *against* the Government that controls it. Indeed, the alignment of the parties should comport with "the real collision of issues" in the litigation. Cf. Smith v. Sperling, 354 U.S. 91, 97 (1957) (citing Indianapolis v. Chase Nat'l Bank of New York, 314 U.S. 63, 69 (1941)) (aligning antagonistic parties against each other for the purpose of determining federal diversity jurisdiction). AIG should be aligned as a nominal defendant.

### D. The Rules of This Court Do Not Provide for the Issuance of a Summons to AIG.

Upon review of the Rules of this Court, there appears to be structural dissonance between RCFC 23.1(b), which specifies "Pleading Requirements" for derivative complaints, and RCFC 4 ("Serving a Complaint on the United States"), which fails to provide for service of those complaints upon government agencies or corporations. Since

---

[1] The Government has notified the Court that it "anticipates responding to the complaint . . . with a motion to dismiss pursuant to RCFC 12(b)," Joint Mot. (Jan. 19, 2012) at 1, and the Court has ordered the Government to "answer or otherwise respond to Plaintiff's amended complaint on or before March 1, 2012," Order (Jan. 20, 2012) at 2. Pending the Government's anticipated motion, the Court reserves judgment as to the scope of its jurisdiction and to Starr's standing.

the Rules, as presently worded, constrain the Court's ability to issue a summons to a corporate defendant, the Court instead joins AIG as a necessary party pursuant to RCFC 19(a) ("Joinder by Court Order" of "Required Part[ies]").

> 1. RCFC 23.1 Does Not Prescribe Any Specific Procedures for the Court to Issue a Summons to a Derivative Defendant.

In this Court, RCFC 23.1 governs derivative actions. The language of RCFC 23.1, which the Rules Committee first adopted in 2002 (after First Hartford), strictly conforms to the language of Federal Rule of Civil Procedure ("FRCP") 23.1. Rules Comm. Notes, 2002 Adoption; 2008 Amendment. Neither RCFC 23.1 nor FRCP 23.1 prescribes any specific procedures for a court to issue a summons to a corporation in a derivative action brought by dissident shareholders, despite specifying detailed pleading requirements. See RCFC 23.1(b); FRCP 23.1(b).

> 2. Unlike FRCP 4, RCFC 4 Does Not Provide General Procedures for Serving a Government Agency or Corporation.

FRCP 4 provides for service of process upon "a Corporation, Partnership, or Association," FRCP 4(h), "the United States," FRCP 4(i)(1), and "Its Agencies [or] Corporations," FRCP 4(i)(2). In contrast, RCFC 4 provides for service of process only upon "the United States." While RCFC 4 is written to conform "closely" to FRCP 4(i), the Rules Committee omitted those provisions "dealing with service upon agencies, corporations, or officers of the United States . . . because, in this Court [], only the United States is properly the named defendant."[2] Rules Comm. Notes, 2002 Revision.

> 3. Therefore, the Court Joins AIG As a Necessary Party Pursuant to RCFC 19(a).

"If a person has not been joined as required, the court must order that the person be made a party." RCFC 19(a)(2). Having established that (i) AIG is a necessary party to Starr's derivative action; (ii) derivative procedures do not exceed the Tucker Act's waiver of sovereign immunity; and (iii) neither RCFC 23.1 nor RCFC 4 provides for the Court to issue AIG a summons, the Court must join AIG pursuant to RCFC 19(a).[3]

---

[2] As discussed in Note 1, *supra*, the Court reserves judgment as to the scope of its jurisdiction over a defendant other than "the United States." However, the Court cautions the parties against too literal a reading of the Rules Committee Notes to RCFC 4. After all, the Court regularly exercises at least limited jurisdiction over non-Government "Defendant-Intervenors." See, e.g., Seaborn Health Care, Inc. v. United States, 101 Fed. Cl. 42 (2011) (bid protest); Sevenson Envtl. Servs., Inc. v. United States, 76 Fed. Cl. 51 (2007) (patent infringement action).

Conclusion

On January 31, 2012, the Court held a hearing on Starr's December 19, 2011 motion for the Court to issue a summons to AIG as a nominal defendant. At the hearing, the Court shared a draft "notice and order" with the parties, advising AIG that (i) the Court would join it as a party to this case pursuant to RCFC 19(a)(2); (ii) "AIG will be bound by the Court's final judgment in this case;" and (iii) "AIG may participate in this case to any extent it deems appropriate." See Notice & Order (Jan. 31, 2012).

For the reasons discussed in this opinion, the Court issued the notice and order with slight modifications later that same day, thereby GRANTING IN PART Starr's motion. Starr promptly served the notice and order upon AIG, attaching its amended complaint. See Certificate of Serv. (Jan. 31, 2012). Accordingly, the Court hereby instructs the Clerk of Court to add AIG as a nominal defendant in this case.

IT IS SO ORDERED.

                                              s/Thomas C. Wheeler
                                              THOMAS C. WHEELER
                                              Judge

---

[3] Since the Court *must* join AIG pursuant to RCFC 19(a), it need not address Starr's argument that the "gap filling" provisions of RCFC 83(b) ("Procedure When There Is No Controlling Law") or the All Writs Act, 28 U.S.C. § 1651 (2006) (generally authorizing federal courts to issue writs *nisi*), provide alternative authority for the Court to issue a summons to AIG. See Tr. (Jan. 31, 2012) at 8.