# In the United States Court of Federal Claims

No. 11-779C

(Filed: September 13, 2012)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

STARR INTERNATIONAL COMPANY, INC.,

         Plaintiff,

v.

THE UNITED STATES,

         Defendant,

and

AMERICAN INTERNATIONAL GROUP, INC.,

         Nominal Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

## ORDER

     Before the Court is the Government's August 22, 2012 renewed motion to dismiss and motion for stay of proceedings or, in the alternative, motion for an enlargement of time. Plaintiff Starr International Company ("Starr") and Nominal Defendant American International Group, Inc. ("AIG") responded to the Government's motion on September 5, 2012, and the Government filed a reply in support of its motion on September 12, 2012. The Court deems oral argument on this motion unnecessary.

     The Government's motion is premised upon AIG's August 20, 2012 filing (Dkt. No. 57) notifying the Court that Starr has agreed to make a demand on AIG's Board of Directors for all shareholder derivative claims asserted in this action. AIG's Board has authorized a process under which the parties will make written and oral presentations to assist the Board in understanding the merits of the claims and defenses, and thereby allow the Board to reach an informed decision on the actions (if any) that it may take regarding this lawsuit. AIG's counsel represented that a decision from AIG's Board "is expected by the end of January 2013." AIG's Aug. 20, 2012 Resp. at 4. AIG's counsel pointed out that nine of AIG's twelve current directors "did not serve on AIG's Board during the events underlying this lawsuit." Id.

The Government has raised a host of issues in its motion essentially arguing that the above procedure agreed to by Starr is a concession that Starr did not satisfy the demand requirements of Rule 23.1 before filing its lawsuit, and that all activity in this case must stop until AIG's Board reaches some decision about the case by late January 2013.  The Government again has requested the Court to dismiss Starr's derivative claims, and to stay the case, except for its motion for reconsideration of the Court's July 2, 2012 opinion and order, in the interests of judicial economy.  Def.'s Aug. 22, 2012 Mot. at 9-10.  Alternatively, the Government has asked the Court for a 30-day enlargement of time following the disposition of its motion "to adequately evaluate and adjust to recent developments."  Id. at 10.

After careful consideration, the Court finds that the Government's motion is without merit in all respects.  The Court agrees with Starr and AIG that the contemplated procedure authorized by AIG's Board will moot the Government's March 1, 2012 motion to dismiss the derivative claims for failure to make a demand.  Further, the Court sees no sound reason to stay proceedings in this case until late January 2013.  The Court is confident that, concurrent with the briefings of AIG's Board, there is much the parties can accomplish in discovery and trial preparation.  Accordingly, the Government's motion is DENIED.

Starr has advised the Court that it has served its first sets of written discovery requests, Pl.'s Sept. 5, 2012 Resp. at 2, n.1, and the Government has provided excerpts of Starr's discovery requests as an attachment to its reply.  Def.'s Sept. 12, 2012 Reply, Attach. A.  If there is any need for confirmation, the Court reiterates that discovery may proceed.  The Joint Preliminary Status Report ("JPSR"), previously due on August 27, 2012, is now due on September 27, 2012.  Thereafter, the Court will schedule a Preliminary Scheduling Conference for a date mutually convenient to counsel.  See Court Rules, App. A, ¶¶ 4-8.  The Court will address at that time a reasonable discovery schedule and related procedures for this case.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge