**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
STARR INTERNATIONAL COMPANY,
INC., Individually and on Behalf of All                 :
Others Similarly Situated, and derivatively on
behalf of AMERICAN INTERNATIONAL    :
GROUP, INC.,
                                                                         :
                     Plaintiff,
                                                                         :
             v.                                          No. 11-00779C (TCW)
                                                                         :
THE UNITED STATES OF AMERICA,
                                                                         :
                     Defendant,
                                                                         :
and AMERICAN INTERNATIONAL
GROUP, INC., a Delaware corporation,          :

                Nominal Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
AND APPOINTMENT OF CLASS COUNSEL**

Pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC 23"), Starr International Company, Inc. ("Starr"), as the named Plaintiff ("Plaintiff") for itself and as a representative of two classes of similarly situated persons more fully described below, respectfully moves this Court to certify this action as a class action and to appoint class counsel.  In support of this motion, Plaintiff states as follows:

      1.      As this Court determined by its Order of July 2, 2012 ("July 2 Order"), the public shareholders of the Common Stock of American International Group, Inc. ("AIG") have direct claims against Defendant arising from the Government's taking or illegal exaction of their property in violation of the Fifth Amendment of the Constitution.  *See*

July 2 Order at 18.  Those direct claims for taking without just compensation and illegal exactions arise out of two Government actions—"(1) the imposition of the Credit Agreement on September 22, 2008," by which the Government obtained a 79.9% equity interest in AIG through a commitment to issue Series C Preferred Stock; and "(2) the reverse stock split of June 30, 2009," by which the "common shareholders lost their ability to prevent anyone from diluting the pool of common stock by more than 40% and ultimately, lost their majority vote when voting as a separate class." *Id.* at 22-23.

2.	As to these two Government takings, two respective classes of similarly situated individuals or entities who have had their property taken without just compensation or illegally exacted exist.  The members of each class are similarly situated to each other and to Plaintiff:

a. The first class ("**The Credit Agreement Class**") consists of all persons and entities who held shares of AIG Common Stock on or before September 16, 2008 and who owned those shares as of September 22, 2008, the date of the execution of the Credit Agreement by which the Government obtained a 79.9% equity interest in AIG pursuant to the commitment to issue Series C Preferred Stock.  This class addresses the uniform claims of the "AIG common shareholders at the time" that "the Government took 79.9% of the [] shareholders' 'equity interest,' consisting of dividends and liquidation value, as well as 79.9% of their 'first voting interest,' consisting of dividend and shareholder voting rights (but not yet common stock only voting rights)." July 2 Order at 15-16 & n.11.

b.  The second class ("**The Stock Split Class**") consists of all persons and entities who owned shares of AIG Common Stock on June 30, 2009 and were eligible to vote those shares at the annual shareholder meeting held that day. This class addresses the uniform claims of the "AIG common shareholders at the time" that "the Government took 79.9% of the minority shareholders' common stock only voting rights by means of the reverse stock split on June 30, 2009." *Id.* at 16 & n.11.

3.  Each class meets the class certification requirements of RCFC 23:

   a.  Each class is so numerous that joinder of all members is impracticable;

   b.  There are questions of law or fact common to each class, the United States has acted on grounds generally applicable to each class member, and the common questions of law or fact predominate;

   c.  The claims or defenses of the representative parties are typical of the claims or defenses for each class;

   d.  Starr will fairly and adequately protect the interests of each class; and

   e.  A class action is superior to other methods for adjudicating the controversy.

4.  Incorporated herein by reference in this Motion are Plaintiff's Memorandum in Support of its Motion to Certify Class Action, which more fully addresses the satisfaction of RCFC 23's requirements, and the Expert Declaration of Gordon Rausser, sworn to on December 3, 2012 ("Rausser Report").

5.  Plaintiff relies on the Verified Complaint and all prior pleadings and proceedings in this action.

WHEREFORE, Plaintiff moves this Court to certify this action as a class action pursuant to Rule 23 of the United States Court of Federal Claims and to certify Plaintiff's

counsel of record, Boies, Schiller & Flexner LLP and Skadden, Arps, Slate, Meagher & Flom, LLP, as counsel to each of the two classes.

Dated:  December 3, 2012
New York, New York

BOIES, SCHILLER & FLEXNER LLP

By  s/ David Boies
David Boies
Attorney of Record
333 Main Street
Armonk, NY 10504
Tel. (914) 749-8200
Fax (914) 749-8300
Email: dboies@bsfllp.com

Robert J. Dwyer
Julia C. Hamilton
Luke Thara
575 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-2300

Hamish P. M. Hume
Samuel C. Kaplan
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone:  (202) 237-2727

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

John L. Gardiner
Four Times Square
New York, NY 10036
Telephone:  (212) 735-3000

*Attorneys for Plaintiff Starr International Company, Inc.*