IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STARR INTERNATIONAL COMPANY,
INC., on its behalf and on behalf of a class of  :
others similarly situated,
                                                 :
                        Plaintiff,
                                                 :
            v.
                                                 :
THE UNITED STATES,                   No.  11-00779C
                                     (Judge Wheeler)
                        Defendant,   :

AMERICAN INTERNATIONAL GROUP,   :
INC.,
                                     :
                        Nominal Defendant.
                                     :

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## JOINT STATUS REPORT
## OF PLAINTIFF AND DEFENDANT ON CLASS ACTION NOTICE

In accordance with the Court's March 11, 2013 Order that the parties file a joint status report proposing a plan to satisfy the notice requirements of Rule 23(c)(2) of the Rules of the Court of Federal Claims (RCFC) and addressing further notice proceedings, plaintiff, Starr International Company, Inc. (Starr), and defendant, the United States, respectfully submit the following joint status report.

I.  Form of Notice

The parties have worked together to draft a Notice mutually acceptable to all parties that fulfills the requirements of RCFC 23.  The parties believe this Notice discloses all information required to be disclosed by RCFC 23(c)(2), namely:  "(i) the

nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will include in the class any member who requests inclusion; (vi) the time and manner for requesting inclusion; (vii) the binding effect of a class judgment on members under RCFC 23(c)(3)."  In addition, the parties agree that the proposed Notice is "written in plain, easily understood language that concisely and clearly provides potential class members" with the required information, *King v. United States*, 84 Fed. Cl. 348, 350 (2008) (internal quotations omitted), and is "objective and neutral."  *Babbitt v. Albertson's, Inc.*, No. 92-1883, 1993 WL 150300, at *4 (N.D. Cal. March 31, 1993).  Attached as Exhibit 1 for the Court's consideration is the proposed Notice.

Although Plaintiff and Defendant endeavored to draft a mutually agreeable Notice, the parties were not able to agree on the particular language of the Enrollment Form.  Specifically, the United States has proposed two additional questions for inclusion on the Enrollment form, as indicated in the attached proposed Exhibit 1 thereto.  Starr objects to the inclusion of these two questions.  As discussed below, the United States also requests the right to "identify, and object to, any class members … that are not proper parties" and to "identify, and conduct discovery of, a representative sample of class members" for a period of 180 days subsequent to the class counsel's certification of class members.  Starr objects to those requests.

II. Distribution of Notice

*Plaintiff's Proposed Schedule for Notice Proceedings*

Plaintiff is working with Nominal Defendant, American International Group, Inc., (AIG), to have AIG's transfer agent and brokerage firms (with respect to shareholders holding stock in street name) provide Plaintiff with the name and contact information for all AIG shareholders that fall within the two class definitions certified by the Court:

1. The Credit Agreement Class: All persons or entities who held shares of AIG Common Stock on or before September 16, 2008 and who owned those shares as of September 22, 2008, excluding Defendant, any directors, officers, political appointees, and affiliates thereof, as well as members of the immediate families of Jill M. Considine, Chester B. Feldberg, Douglas L. Foshee, and Peter A Langerman.

2. The Stock Split Class: All persons or entities who owned shares of AIG Common Stock on June 30, 2009 and were eligible to vote those shares at the annual shareholder meeting held on that date, excluding Defendant, any directors, officers, political appointees, and affiliates thereof, as well as members of the immediate families of Jill M. Considine, Chester B. Feldberg, Douglas L. Foshee, and Peter A. Langerman.

Plaintiff intends to provide Notice to putative class members by:

- Direct mail using the mailing addresses used by AIG and brokerage firms to communicate with Class Members;

- Electronic mail using the e-mail addresses used by AIG and brokerage firms to communicate with Class Members;

- Other means of electronic communication;

- Publication of the Notice in [TO BE DETERMINED: IDENTITY OF PUBLICATIONS, SIZE OF THE NOTICE AND FREQUENCY OF PUBLICATION].  A proposed form of the Publication Notice is attached to this report as Exhibit 2.

- Establishing an informational website (outlined in Exhibit 3) containing information about the action and how to join it.

Plaintiff proposes the following schedule for providing Notice to putative members of the Classes:

- AIG and brokerage firms will provide Class counsel with the names and contact information of putative members of the Classes 28 days following approval by the Court of the notice and schedule.

- Class counsel will distribute Notice within 28 days of receiving that information from AIG and brokerage firms.

- Putative members of the Classes must return opt-in consent forms postmarked no later than 90 days after Class counsel's deadline to distribute the Notice.

- Within 60 days after the deadline for consent forms, Class counsel will certify final membership in the Classes by identifying the name of each member of each of the two Classes and providing a copy of the opt-in form completed and submitted by each class member to Class counsel to the Court and Defendant.

Plaintiff believes this schedule is necessary to account for the significant amount of time it will take to process Notices to tens of thousands of recipients.

***Defendant's Proposed Schedule for Notice Proceedings***

The United States does not object to the schedule proposed by Starr for providing notice to Class members.  However, the United States believes that two additional questions must be included on the Enrollment form (that is, the dates upon which the Class member bought and sold the subject shares) and additional deadlines must be included in the Court's scheduling order.  These additions are necessary to permit the

United States to:  (1) identify, and object to, any Class members identified by Class

counsel that are not proper parties; and (2) identify, and conduct discovery of, a

representative sample of Class members in support of its defenses.

    Contrary to Starr's contentions, our proposals are not intended to raise

unnecessary barriers to the participation of AIG shareholders in the Classes that have

been certified.  Nor is there any basis for Starr's contention that our proposals are

designed "to make it as difficult as possible for Class Members to opt-in . . . discourage

AIG shareholders from becoming Class members . . . [or] further elongate and complicate

this litigation."  As we demonstrate below, the information we seek and will seek in

discovery of a reasonable sampling of Class members is specifically tailored to permit the

United States to present a full defense against Starr's allegations as they relate to

Members of the Classes.

    The additional language we have included on the draft Enrollment form is

necessary because the dates on which potential Class members bought and sold their

subject shares are relevant for determining whether they are proper members of the

Classes.  Contrary to Starr's contentions, the dates that Class members purchased and

sold their shares do not become relevant only after the Court has ruled upon liability and

the quantum of damages, nor has Starr demonstrated that stating the dates upon which a

Class member bought and sold shares would be difficult or onerous for potential Class

members.  Starr's class definitions, as certified by the Court, are based upon the dates on

which potential Class members owned AIG shares.  *See* McLaughlin on Class Actions

§ 3:9 (Dec. 2012) ("In the securities context, since there is no question that class

members will be required to submit proof of claim forms at some point in order to

participate in any recovery, <u>courts may direct that class members provide claims forms before trial as part of merits discovery</u>.  Permitting such discovery facilitates the court and the parties developing an early sense of the size and composition of the class, and a more informed basis to evaluate potential damages.") (emphasis added); *Biben v. Card*, 789 F. Supp. 1001, 1004 (W.D. Mo. 1992); *see also Easton & Co. v. Mutual Ben. Life Ins. Co.*, 1994 WL 248172 *6 (D. N.J. 1994) (permitting discovery of class members concerning (1) the securities purchased by the individual class member; (2) the dates of such purchases; (3) the prices paid for such securities; (4) the brokers involved in such transactions.).  Thus, we are simply seeking information that is necessary to determine whether those persons or entities that opt-in are proper members of the relevant class.

Contrary to Starr's contention, this Court did not prohibit the taking of discovery from class members in *Singleton v. United States*, No. 09-00456 (filed July 17, 2009). Rather, "the Parties [] engaged [] in discovery efforts to investigate the factual predicate for <u>each class members' claim</u>."  *See* Joint Status Report (Oct. 25, 2010), No. 09-00456, Dkt. No. 27 (emphasis added); *see also* Order (Oct. 26, 2010), No. 09-00456, Dkt. No. 28 (adopting discovery procedures proposed by parties).  Similarly, in *Jenkins v. United States*, 104 Fed. Cl. 641, 647 (2009), as Starr concedes, the Court required certification of the final class membership from plaintiff at the close of the opt-in period — not after a liability and quantum ruling as Starr would propose.  Moreover, in *Jenkins*, the Court ordered that, subsequent to the opt-in period, "the parties will submit a joint status report with a proposed discovery plan and mechanism whereby the claims of those parties who enroll in the class [] will be verified."  *Id.*  Thus, nothing in *Singleton* or *Jenkins* supports

Starr's contention that our proposed additions to the Enrollment form are improper or that the Court should not permit discovery of Class members

Furthermore, it is well settled that "discovery from 'unnamed class members' is permissible when such discovery would illuminate the nature of the proof needed to establish the claims and defenses." McLaughlin on Class Actions § 3:9.[1]  Nothing in the Manual for Complex Litigation (4th) § 21.41 indicates otherwise.  Indeed, "[m]ost courts limit discovery against unnamed class members, but do not forbid it altogether.  In setting appropriate limits, a judge should inquire whether the information sought from absent class members is available from other sources and whether the proposed discovery will require class members to obtain personal legal counsel or technical advice from an expert."  *Id.* (internal citations omitted) (emphasis added).  That Starr has cited one district court case from 1971, *Fischer v. Wolfinbarger*, 55 F.R.D. 129 (W.D. Ky. 1971), which did not involve allegations of a regulatory taking, in which the court did not permit discovery of class members, does not negate that "the overwhelming majority of courts which have considered the scope of discovery against absentees have concluded that such

---

[1] *See, e.g.*, *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004-1005 (7th Cir. 1971) ("We do not believe there is any real inconsistency between Rule 23's general policy of permitting absent class members to remain outside the principal action and our holding that in appropriate cases absent class members may be required to submit to discovery."); *In re Plasma-Derivative Protein Therapies Antitrust Litigation*, 2012 WL 1533221, *1 (N.D. Ill. 2012) ("While absent class members are not required to submit to discovery as a matter of course, the court has the power to authorize the use of discovery procedures under the Federal Rules of Civil Procedure if the court determines that justice to all parties requires that the absent parties furnish certain information and if adequate precautionary measures are taken to insure that the absent class members are not misled."); *In re Airline Ticket Com'n Antitrust Litigation*, 918 F. Supp. 283, 285, 1996-2 Trade Cas. (CCH) ¶ 71497 (D. Minn. 1996) ("Discovery of absent class members is permissible when the desired information is relevant to an issue in the case."); *Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320, 1326 n.5 (N.D. Ill. 1991) ("absent class members are not immune from discovery simply by virtue of being unnamed plaintiffs").

discovery is available, at least when the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties." *Dellums v. Powell*, 566 F.2d 167, 187 (D.C. Cir. 1977). Starr's reliance upon *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466, 468 (N.D. Ill. 1992), is without basis.  In *Adkins*, the court held that discovery on a class-basis as opposed to an individual basis would be more appropriate.  Nothing in *Adkins* suggests that discovery of class members should be prohibited.

In this case, given Starr's allegations contained in the second amended complaint, discovery from a representative number of Class members will likely be relevant to our defense.  Specifically, in the second amended complaint, Starr alleges that Class members possessed certain investment-backed expectations with respect to their AIG stock which appears to present an individualized question of fact.  *See* Second Am. Compl. ¶ 89 ("The Common Stock shareholders had a reasonable, investment-backed expectation that the Government would act lawfully, fairly, and constitutionally with respect to their private property rights. . . .  [T]he Government violated the reasonable, investment-backed expectations of Plaintiff and the Class.") (Emphasis added); *see id.* ¶ 221.  Indeed, a regulatory takings claim, for example, may require inquiries about factors such as the "economic impact of the regulation on the claimant," "the extent to which the regulation has interfered with distinct investment-backed expectations," and "the character of the governmental action."  *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124-25 (1978).  Although the governmental action at issue may be the same as applied to all Class members, Starr's allegations raise questions about Class

members' expectations and, thus, discovery related to those expectations is relevant and may be necessary to our defense. Contrary to Starr's contention, this Court's March 11, 2013 Order did not address whether Class members' individual expectations are relevant to Starr's allegations that Government actions constituted regulatory takings of Class members' property. Accordingly, to the extent that these claims are not otherwise dismissed or denied, discovery will be needed because there then may be no common approach to arrive at a single decision of whether a taking occurred with respect to all Class members' property.

Further still, contrary to Starr's contention, we have not modeled our proposals based upon the procedure for collective actions under the Fair Labor Standards Act, 29 U.S.C. § 216(b), nor are we are of any basis for Starr's contention.

Discovery of a representative sample of Class members should be permitted for 180 days subsequent to the date on which Class counsel certifies final membership in the Classes, because the Court's October 1, 2012 order indicates that fact discovery shall be concluded by November 5, 2013. Based upon the Class notice schedule proposed by Starr, the final Class members will likely not be identified to the Court or defendant prior to November 5, 2013. Thus, we believe that 180 days is a reasonable time during which we should be permitted to take discovery from a reasonable sampling of Class members not including Starr.

Starr's contention that we unreasonably seek 180 days within which to take discovery, but have failed to indicate what type of discovery we will seek and from which class members we will seek discovery is without merit. Until Class counsel certifies the final members of the Classes, we will not be able to determine what will be a valid

representative sample of Class members nor can we determine what method of discovery would be most efficient.  Similarly, there is no basis for Starr's contention that our proposal would compel a delay in the start of trial.  Initially, the Court has not yet set a date for trial to commence.  Moreover, based upon Starr's proposed notice schedule, it is likely that final Class certification will take place before December 2013.  If final certification takes place before December 2013, based upon our proposal, all discovery of Class members would be completed in May 2014.  This Court's October 1, 2012 Order does not anticipate expert discovery being completed before April 21, 2014.  Thus, our proposal would likely not lead to any delay in trial and there is no basis for Starr's contention that "[d]efendant's motivation for the request is manifest:  a six-month delay in the commencement of trial."

For these reasons, the United States proposes the following two additions to the class notice schedule and the additional two questions set forth on the Enrollment Form at exhibit 1:

- Although the Court's October 1, 2012 order indicates that fact discovery shall be concluded by November 5, 2013, fact discovery may be taken of all class members other than Starr for 180 days subsequent to the date on which Class counsel certifies final membership in the Classes.

- In the event that any discovery establishes that any certified class member identified by Class counsel is not a proper party to the class action or otherwise is not entitled to relief, the United States retains the right to move for removal of that person or entity from the class and/or present evidence at trial to refute any claims.

*Plaintiff's Response to Defendant's Proposed Schedule for Notice Proceedings*

It is not Plaintiff's position that discovery of class members is never appropriate, but such discovery is not the norm.  *See* Manual for Complex Litigation (4th) § 21.41 ("One of the principal advantages of class actions over massive joinder or consolidation would be lost if all class members were routinely subjected to discovery.").  Such discovery negates the distinction between a representative plaintiff and a represented class member, which is why such discovery is only permitted under limited circumstances.  *See Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466, 468 (N.D. Ill. 1992) ("If joinder of all parties is impracticable, propounding discovery like interrogatories, depositions, and requests to produce on an individual basis is even more impracticable."); *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail.").[2]

What is clear from the commentary and case law, including all the cases cited by Defendant, is that any such discovery is permissive,[3] totally within the discretion of the court, and only justified when narrowly tailored to fit the particular circumstances of the pending action.  Thus, the question at bar is whether, under the facts and circumstances

---

[2] "In this court, class actions are governed by RCFC 23. This rule closely tracks the language of its analogue in the Federal Rules of Civil Procedure, and consequently this court has often looked to cases applying Fed.R.Civ.P. 23 to interpret RCFC 23." *Geneva Rock Prods., Inc. v. United States*, 100 Fed. Cl. 778, 782 (Fed. Cl. 2011).

[3] Indeed, the relevant language that Defendant quotes from its cases (see *supra* at 7 n.3) uniformly uses words like "in appropriate cases," "may," "if the court determines," "is permissible," and "not immune."

present here, Defendant should be allowed to impose additional requirements on Class

Members and take discovery from them.

Defendant attempts to support its argument by quoting from *Dellums v. Powell*,

566 F.2d at 187, that discovery from class members "is available" (*supra* at 7), but fails

to include the first half of that sentence: "While it is true that discovery against absentee

class members under Rules 33 and 34 cannot be had as a matter of course…." Nor does

Defendant explain what information "relevant to the decision of common questions" it

needs to obtain from class members and why that information is "not available from the

representative parties."  *Id.*

Defendant also relies on McLaughlin's treatise on class actions, but ignores

McLaughlin's admonition that "Courts recognizing defendants' right to obtain discovery

from absent class members for both class certification and trial preparation have

emphasized the need to place reasonable limitations on the nature and scope of such

discovery."  McLaughlin on Class Actions § 3:9 (9th ed. updated Dec. 2012).

McLaughlin continues by quoting "a seminal case on the issue":

> The most important relevant circumstances are that the
> party seeking the discovery must demonstrate its need for
> the discovery for purposes of trial of the issues common to
> the class, that the discovery not be undertaken with the
> purpose or effect of harassment of absent class members or
> of altering the membership of the opposing class, and that
> the [discovery] be restricted to information directly relevant
> to the issues to be tried by the Court with respect to the
> class action aspects of the case.

*Id.* (citing *United States v. Trucking Emp. Inc.*, 72 F.R.D. 101, 104 (D.D.C. 1976)).

Defendant does not specify what discovery it seeks and why any such discovery is

justified.  But it is clear that the discovery sought is neither limited nor justified.

To begin with, although Defendant describes the discovery it seeks as "Discovery of a representative sample of class members" (*supra* at 9), the breadth of that discovery is underscored by what immediately follows in that sentence, where Defendant asserts that such discovery "should be permitted for 180 days subsequent to the date on which Class counsel certifies final membership in the classes…." That six-month extension of the fact discovery cut-off – from November 5, 2013 to May 5, 2014 – would also compel a corresponding delay in the commencement of trial. Although Defendant does not identify what information it would seek, what discovery format would be used (*e.g.,* Rule 30 depositions, Rule 33 interrogatories, or Rule 34 document requests), or from how many of the tens of thousands of Class Members discovery would be taken, Defendant's motivation for the request is manifest: a six-month delay in the commencement of trial.

Nor is Defendant's request for class discovery justified. Unlike the cases cited by Defendant, the liability of the United States turns on a single question common to each of the two Classes: Did the United States illegally exact and/or take property without just compensation from AIG's shareholders at two points in time? Whether individualized proof of that question is required has already been litigated by the parties and resolved by the Court. The Court's March 11, 2013 Order certifying the Classes stated (at 5) that this issue "will not require individualized proof." Although Defendant suggests (*supra* at 8) that the issue of the AIG common shareholders' "reasonable, investment-backed expectation that the Government would act lawfully, fairly, and constitutionally with respect to their private property rights" was added in ¶¶ 89 & 221 of the Second Amended Complaint, those allegations were made in the Amended Complaint (at ¶¶ 74 & 169), and thus were before the Court when it rejected Defendant's argument that

commonality would need to be evaluated as to each Class Member.  *See* Def.'s Opp. to

Mot. For Class Cert. at 10-11.  Defendant is simply attempting to take discovery on an

issue that it has already litigated and lost.

Defendant's proposed procedures raise unnecessary barriers to the participation of

AIG shareholders in the Classes that have been certified.  At this stage of the litigation,

all that is needed is the name and contact information of the AIG common shareholders

who state that they owned AIG common shares on the dates relevant to the two Classes[4]

and agree to be bound by the outcome of the action – whether that outcome is positive or

negative.  Having lost the motion for class certification, Defendant is trying to make it as

difficult as possible for Class Members to opt-in.  Each of the additional steps proposed

by Defendant appears designed to discourage AIG shareholders from becoming Class

Members and to further elongate and complicate this litigation.[5]

Members of the Classes will eventually have to prove up their claims by showing

how many shares they owned on the dates in question and thus their entitlement to share

in a recovery against Defendant.  At that point, Defendant could raise its objections to

whether specific individuals or entities qualify as Class Members, but that should not be

done now, but only after Defendant's liability and the quantum of damages are

---

[4] Defendant's proposed additional requirement to the Class Action Enrollment Form and Declaration (at the end of Exhibit 1) that Class Members identify when they bought and sold their shares is irrelevant to the question of whether they held those shares on the dates in question.  Moreover, it is not that simple a question to answer for shareholders who bought and sold their holdings at multiple points in time.

[5] Defendant's proposals appear to be modeled on the two-step procedure for collective actions under the Fair Labor Standards Act, *see* 29 U.S.C. § 216(b), which, as the Federal Circuit has observed, "are distinct from class action lawsuits and thus are not subject to the requirements governing class actions set forth in … Rule 23 of the Rules of the Court of Federal Claims."  *Gayle v. United States*, 85 Fed. Cl. 72, 77 (2008).

established.  The requirements sought by Defendant are unnecessary at this time and only greatly prolong and complicate the class process.

The cases cited by Defendant permit class discovery in two situations, neither of which is applicable here.  *See Biben*, 789 F.Supp. at 1004 (limited discovery permitted to establish the scope of potential liability, in order to frame settlement discussions); *Brennan*, 450 F.2d at 1005 (discovery permitted to resolve disputed individual questions of fact).

The procedure adopted by this Court in *Singleton v. United States*, No. 09-00456 (filed July 17, 2009), did not provide for discovery of individual class members. *See* Order (Apr. 29, 2010), No. 09-00456, ECF No. 22, adopting procedures in Joint Status Report (Apr. 23, 2010), No. 09-00456, ECF No. 21, which noted (without further elaboration) that the parties had engaged in "informal discovery efforts" "in preparation for the notice and enrollment of potential class members" – which appears much more akin to Plaintiff's proposal than to Defendant's.

Similarly, in *Jenkins v. United States*, 104 Fed. Cl. 641, 647 (2009), the Court only required certification of the final class membership from plaintiff at the close of the opt-in period, which Plaintiff has agreed to provide to the Court and to Defendant.  The verification contemplated in *Jenkins* of "the claims of those parties who enroll in the class" should be done, as suggested by Plaintiff, when the Class Members are called on to submit proofs of claim after final judgment in this action.

For the foregoing reasons, Plaintiff asks the Court to reject Defendant's proposed changes to the schedule of this action and to not permit Defendant's additional two questions to be added to Class Action Enrollment Form and Declaration of Exhibit 1.

***Plaintiff's Response to AIG's Objection to Proposed Schedule for Notice Proceedings***

In its email of April 8, 2013 (attached hereto as Exhibit 4), AIG's counsel objects to the part of the Proposed Schedule that provides (*see supra* at 4): "AIG and brokerage firms will provide Class counsel with the names and contact information of putative members of the Classes 28 days following approval by the Court of the notice and schedule."  AIG asserts that until the parties and Starr's claims administrator provide joint answers to questions raised by AIG and its transfer agent, AIG cannot "assess the feasibility of a 28 day deadline."

Starr believes that the deadline requested is reasonable and will undertake to provide those joint answers to AIG this week.  Starr would also be amenable to the end of the provision quoted above being modified to "28 days following whichever occurs later of approval by the Court of the notice and schedule or the provision by the parties and Starr's claims administrator of answers satisfactory to AIG of its outstanding questions concerning notice."

Dated: April 8, 2013
      Washington, D.C.

                                        Respectfully submitted,

| | |
|---|---|
| DAVID BOIES | JOYCE R. BRANDA |
| Attorney of Record | Deputy Assistant Attorney General |
| for Plaintiff and the Classes | |
| | |
| /s/ David Boies | /s/ Jeanne E. Davidson |
| David Boies | JEANNE E. DAVIDSON |
| BOIES, SCHILLER & FLEXNER LLP | Director |
| 333 Main Street | |
| Armonk, NY 10504 | /s/ Brian A. Mizoguchi |
| Tel. (914) 749-8200 | BRIAN A. MIZOGUCHI |

Fax (914) 749-8300                          Assistant Director
Email: dboies@bsfllp.com


Robert J. Dwyer                             DAVID S. SILVERBRAND
Nicholas A. Gravante, Jr.                   AMANDA TANTUM
Alanna C. Rutherford                        Trial Attorneys
Julia C. Hamilton                           Commercial Litigation Branch
BOIES, SCHILLER & FLEXNER LLP               Civil Division
575 Lexington Avenue                        Department of Justice
New York, NY 10022                          P.O. Box 480
Telephone: (212) 446-2300                   Ben Franklin Station
                                            Washington, D.C.  20044
                                            Tele: (202) 305-3319
Hamish P. M. Hume                           Fax: (202) 514-7969
Samuel C. Kaplan                            Email: david.silverbrand@usdoj.gov
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW                   Attorneys for Defendant
Washington, DC 20015                        The United States
Telephone: (202) 237-2727




John L. Gardiner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000

Of Counsel for Plaintiff Starr
International Co., Inc. and the Classes