IN THE UNITED STATES COURT OF FEDERAL CLAIMS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STARR INTERNATIONAL COMPANY,
INC., on its behalf and on behalf of a class of   :
others similarly situated,
                                                  :
                    Plaintiff,
                                                  :
        v.
                                                  :
THE UNITED STATES,                    No. 11-00779C
                                         (Judge Wheeler)
                    Defendant,        :

AMERICAN INTERNATIONAL GROUP,         :
INC.,
                                                  :
                    Nominal Defendant.
                                                  :

                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

## JOINT STATUS REPORT REGARDING SCHEDULING

In response to the Court's April 3, 2013 inquiry regarding certain scheduling matters, plaintiff Starr International Co., Inc. (Starr), defendant, the United States, and nominal defendant American International Group, Inc. (AIG) have conferred and respectfully submit this joint status report setting forth their responses to the Court's questions.

First, the Court requested that two dates early in July 2013 be proposed for the next quarterly discovery conference. The parties are available on and propose July 9 or 10, 2013.

Second, with respect to a date for oral argument upon the pending motions to dismiss filed by AIG and by the United States, the only date to which the parties could agree was May 20, 2013. If that date does not work for the Court, the parties will consider other dates within any period suggested by the Court.

Third, the Court indicated that it is considering when in 2014 a trial might take place, and inquired, given the number of people that may be involved, how long it may take to conduct a trial. The parties' responses are set forth below.

A.  **Starr**

Starr respectfully submits that, because this will be a bench trial that will largely be document and deposition driven, its current estimate is that the trial would take between two and three weeks depending on a number of factors. Presuming summary judgment briefing is completed within 3-4 months of the end of discovery, Starr will be ready for trial by September 2014.

B.  **United States**

The United States respectfully submits that: (1) it is too early to estimate how long it would take to try this case while it remains unresolved what issues, if any, will be tried, and (2) consistent with the Court's Rules and earlier expectations, if a trial proves necessary, it should not begin earlier than Fall 2014, specifically, late November or early December 2014. First, Starr's Second Amended Complaint raises large numbers of issues. While it is the view of the United States that most of these issues are irrelevant to Starr's takings or illegal exaction claims, if all of Starr's issues were tried, it would not be possible to complete a proper trial in two to three weeks. Starr has informed us that its trial estimate is premised in part upon putting into evidence documents and depositions in lieu of live testimony, either with the agreement of the defendant or by the laying of a proper evidentiary foundation. The practice of relying upon documents or depositions in lieu of live testimony by available witnesses is one to which we object and that in the ordinary course properly is rejected by the Court. Assuming that any trial properly will require witnesses rather than substantial reliance upon documents alone, defendant

believes that Starr's estimate of two to three weeks is without foundation unless the issues in the case are substantially limited.

There will be several opportunities between now and any trial for the case to be streamlined significantly (if not dismissed entirely), including but not limited to the pending motions to dismiss or, if necessary, summary judgment. Until those motions are resolved, the issues (if any) remaining for trial are unknown. Further, as the defendant in this matter, it is particularly difficult to speculate about the length of a trial because plaintiff has not committed to: (a) a defined set of contentions and issues that it will try; or (b) the identity and number of fact and expert witnesses plaintiff would call at trial. Although we are unable at this time to estimate the length of a trial, we are eager to dispose of the issues raised by Starr and stand ready to work cooperatively with the parties and the Court to secure the earliest practicable resolution of this case.

Second, we respectfully submit that the trial start date should be set in a manner that allows a full and fair opportunity to narrow or eliminate issues that are afforded by litigation procedures, including summary judgment, and, if then necessary, other pretrial procedures required and permitted by the Court's Rules, including Appendix A. For example, in *Winstar*-related cases involving claims concerning financial institutions, this Court afforded parties a reasonable period of approximately six months of post-discovery pretrial proceedings to attempt to streamline the case and prepare adequately for an efficient trial. The United States is entitled to no less of an opportunity to defend itself when faced with claims that are stated to be in excess of $23 billion. Although it is too early to estimate with any degree of accuracy, the earliest reasonable start date for virtually any trial -- assuming a trial proves to be necessary -- would be in late November or early December 2014, which would be consistent with the Court's earlier

expectations.  *See* Transcript (Oct. 1, 2012) (Dkt. 78) at 46:1-2 ([The Court]) "I anticipate a trial in the fall of 2014").

### C. AIG

AIG respectfully submits that it is not in a position to answer this question at this time, as AIG does not know whether it will be a party to the trial or, if it is, what issues will be tried on AIG's behalf and how the Court will resolve the differences between Starr's and the Government's positions on the length of the trial.

                                  Respectfully submitted,

Dated: April 12, 2013
       Washington, D.C.

| | |
|---|---|
| DAVID BOIES | JOYCE R. BRANDA |
| Attorney of Record | Deputy Assistant Attorney General |
| for Plaintiff and the Classes | |
| | |
| /s/ David Boies | /s/ Jeanne E. Davidson |
| David Boies | JEANNE E. DAVIDSON |
| BOIES, SCHILLER & FLEXNER LLP | Director |
| 333 Main Street | |
| Armonk, NY 10504 | /s/ Brian A. Mizoguchi |
| Tel. (914) 749-8200 | BRIAN A. MIZOGUCHI |
| Fax (914) 749-8300 | Assistant Director |
| Email: dboies@bsfllp.com | Commercial Litigation Branch |
| | Civil Division |
| | Department of Justice |
| | P.O. Box 480 |
| Robert J. Dwyer | Ben Franklin Station |
| Nicholas A. Gravante, Jr. | Washington, D.C.  20044 |
| Alanna C. Rutherford | Tele: (202) 305-3319 |
| Julia C. Hamilton | Email: brian.mizoguchi@usdoj.gov |
| BOIES, SCHILLER & FLEXNER LLP | |
| 575 Lexington Avenue | Attorneys for Defendant |
| New York, NY 10022 | The United States |
| Telephone: (212) 446-2300 | |

Hamish P. M. Hume
Samuel C. Kaplan
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone: (202) 237-2727

John L. Gardiner
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000

Of Counsel for Plaintiff Starr
International Co., Inc. and the Classes


WEIL, GOTSHAL & MANGES LLP

By: /s/ Joseph S. Allerhand
       Joseph S. Allerhand
Stephen A. Radin
Jamie L. Hoxie

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
joseph.allerhand@weil.com
stephen.radin@weil.com
jamie.hoxie@weil.com

Attorneys for Nominal Defendant
American International Group, Inc.