FILED
JUL 11 2013
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STAR INTERNATIONAL COMPANY, INC., on its behalf and on behalf of a class of others similarly situated<br>　　　　　Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br>　　　　　Defendant, | * * * * * * * * * | Docket No. 11-00779<br>Judge Wheeler |

### THE TEXAS DEPARTMENT OF INSURANCE'S
### OBJECTIONS TO PLAINTIFF'S SUBPOENA

Pursuant to RCFC 45 and FRCP 45, the Texas Department of Insurance ("TDI"), by and through its legal counsel, the Attorney General of Texas, states its objections to Plaintiff's Subpoena pursuant to Rule 45 as follows:

### GENERAL OBJECTIONS

1.　　TDI objects to the Subpoena to the extent it seeks disclosure of information protected under the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity not specifically mentioned below, including, but not limited to Texas Insurance Code section 401.058, among others. Given the overly broad nature of the Subpoena, TDI is unable to provide at this time more descriptive information regarding each of its claims to privilege and work-product protection.

2.　　TDI objects to the Document Requests, and any implied or express instruction or direction in the Requests for Production, that imposes or seeks to impose burdens greater than those imposed by the Rules of the United States Court of Federal Claims (RCFC).

1

3. TDI objects to the Document Requests to the extent they seek disclosure of information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

4. TDI objects to the Document Requests to the extent they seek disclosure of proprietary and/or confidential information of TDI. To the extent the Document Requests do seek such information, TDI will respond only pursuant to the Amended Protective Order filed March 18, 2013;

5. TDI reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Document Requests, unless TDI specifically states otherwise.

6. TDI objects to the Document Requests to the extent they require production of documents in the possession, custody, or control of entities in which TDI has no ability to obtain such documents, as documents are not in the possession, custody, or control of TDI.

7. TDI objects to the Document Requests to the extent they call for information which "concerns" or "relates to" a particular topic on the ground that gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

8. TDI objects to the Subpoena because, in serving it, Plaintiff has failed to fulfill its obligations, under RCFC 45(c), to avoid imposing undue burden or expense on a non-party.

9. TDI general objections are applicable to, and included in, TDI specific objections and answers set forth below.

## SPECIFIC OBJECTIONS

**Request No. 1:**

All documents from between January 1, 2008 and December 31, 2008 concerning the financial condition of AIC, including, but not limited to, all documents concerning the solvency of AIG's insurance companies and the effect of a run on the securities lending program on the AIG insurance companies.

    **Response No. 1:** *See General Objections.*

**Request No. 2:**

All documents from between January 1, 2008 and December 31, 2008 concerning the impact - whether known or unknown, actual or potential - of AIG's lack of liquidity and/or potential bankruptcy on the state, national, and global economies or on any of AIG's potential creditors or counterparties.

    **Response No. 2:** *See General Objections.*

**Request No. 3:**

All documents concerning any efforts by AIG to identify and secure private sector solutions to its Liquidity Problems from between January 1, 2008 and December 31, 2008, including, but not limited to, all documents concerning any attempt

    a. to assemble private equity investors, strategic buyers, and sovereign wealth funds to discuss funding and investment options,

    b. obtain public sector financing, including from TDI or other state or local regulators,

    c. to create a hybrid package of private and public sector financing,

    d. to consider the potential consequences of a bankruptcy filing, and/or

    e. to consider any other agreement or relationship between AIG and any private sector entity or entities, including non-United States investors.

    **Response No. 3:** *See General Objections.*

### Request No. 4:

All documents concerning AIG's securities lending program, including, but not limited to, all documents concerning any of TDI's plans for working with AIC to unwind AIG's securities portfolio or for using liquid cash to settle any of AIG's transactions.

    **Response No. 4:** *See General Objections.*

### Request No. 5:

All documents concerning TDI's conclusion that AIG's "[s]ecurities lending did not pose any systemic risk" and that "counterparties may have lost the two percent of additional collateral posted to secure the borrowing; but generally, the borrowed securities were of high quality and value so its [sic] possible many counterparties would have lost nothing." See April 7, 2009 GAO Follow-up Interview with Texas State Department of Insurance, attached hereto as Exhibit A, at TEX00 I 00000 127.

    **Response No. 5:** *See General Objections. In addition, Plaintiff failed to provide the referenced document, and as a result, TDI is at a loss as to how to respond as to the alleged "conclusion" identified in the request.*

### Request No. 6:

All documents concerning a possible bankruptcy filing by AIG, including any plans - whether formal or informal, complete or incomplete - TDI or other state insurance regulators had in relation to a possible bankruptcy filing by AIG.

**Response No. 6:** *See General Objections.*

**Request No. 7:**

All documents concerning the possibility that TDI or other state insurance regulators might seize, ring-fence, place into receivership, or otherwise conserve AIG's assets from September 2008 onwards.

**Response No. 7:** *See General Objections.*

**Request No. 8:**

All documents concerning AIG's 2008 plan or potential plan to move its life insurance companies under property and casualty insurance companies.

**Response No. 8:** *See General Objections.*

**Request No. 9:**

All documents from between 2007 and 2012 concerning communications, meetings, negotiations, hearings, interviews, or discussions between TDI and other federal and state government entities concerning AIG, including, but not limited to, communications, meetings, negotiations, hearings, interviews, or discussions between TDI and the Federal Reserve, the GAO, the United States Congress, the United States Office of Thrift Supervision, the United States Treasury, the National Association of Insurance Commissioners, the New York State insurance Department, or the Pennsylvania Insurance Department.

**Response No. 9:** *See General Objections.*

**Request No. 10:**

All documents from between 2008 and 2012 concerning any decision by TDI to prevent or allow AIG to transfer, sell, or upstream any capital, securities, or assets from any of its insurance companies.

    **Response No. 10:** *See General Objections.*

**Request No. 11:**

All documents from between 2008 and 2012 concerning any attempt to secure financing or liquidity for AIG.

    **Response No. 11:** *See General Objections.*

**Request No. 12:**

All documents from between 2008 and 2012 concerning a transfer of control over any of AIC's insurance subsidiaries or affiliates, including, but not limited to, any Form A filings or Form A exemptions related to AIG.

    **Response No. 12:** *See General Objections.*

**Request No. 13:**

All documents concerning any loan to AIG from the Federal Reserve, including but not limited to all documents concerning any decision to loan money, the terms of any loan, and any measure adopted to repay any loan.

    **Response No. 13:** *See General Objections.*

**Request No. 14:**

All documents from between 2008 and 2012 concerning communications between AIG and TDI, including, but not limited to, any communications regarding the Federal Reserve or United States Treasury.

    **Response No. 14:** *See General Objections.*

**Request No. 15:**

All documents concerning AIC's holding in credit default swaps (CDS) or collateralized debt obligations (CDOs), including those that constituted the assets of special purpose vehicles Maiden Lane II and Maiden Lane III.

    **Response No. 15:** *See General Objections.*

Respectfully submitted,

GREG ABBOTT
Attorney General

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and Charitable Trusts Division

/s/ Anthony P. Bolson

ANTHONY BOLSON
Attorney-in-Charge
Financial Litigation, Tax, and Charitable Trusts Division
State Bar No. 24082198
P.O. Box 12548
Austin, Texas 78711-2548

Tel.: (512) 475-2219  
Telecopier: (512) 477-2348  
Email: Anthony.Bolson@texasattorneygeneral.gov  
*Attorneys for Defendant*

## Certificate of Service

This is to certify that the above and foregoing document, *The Texas Department of Insurance's Objections to Plaintiff's Subpoena*, was served as indicated on the 10th day of July, 2013, to the following:

Michael R. Perkins  
Sneed, Vine & Perry, P.C.  
900 Congress Avenue, Suite 300  
Austin, Texas 78701  
mperkins@sneedvine.com

David Boies  
Boies Schiller & Flexner LLP  
333 Main Street  
Armonk, NY 10504  
dboies@bsfllp.com

[ ] certified mail, return receipt requested  
[ ] 1st class U.S. mail  
[X] electronic mail  
[ ] courier/personal delivery  
[ ] facsimile transmission  
[ ] next-day express mail delivery  
[ ] second-day express mail delivery

_____  
Anthony Bolson