# In the United States Court of Federal Claims

No. 11-779C

(Filed: July 29, 2013)

```
*******************************  *
                                 *
STARR INTERNATIONAL COMPANY,     *
INC., on its behalf and on behalf of a class of  *
others similarly situated,       *   Deposition of Witness Holding
                                 *   High-Level Government Position;
                                 *   Personal Knowledge of Relevant
         Plaintiff,              *   Facts; Improbability of Obtaining
                                 *   Same or Similar Information
 v.                              *   From Other Persons or Sources;
                                 *   Appropriate Judicial Oversight.
THE UNITED STATES,               *
                                 *
         Defendant.              *
                                 *
*******************************  *
```

*David Boies*, with whom were *Robert J. Dwyer*, *Nicholas A. Gravante, Jr.*, *Alanna C. Rutherford*, *Julia C. Hamilton*, *Luke Thara*, *Hamish P. M. Hume*, and *Samuel C. Kaplan*, Boies, Schiller & Flexner LLP, Armonk, New York, and *John L. Gardiner*, Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York, for Plaintiff.

*Brian A. Mizoguchi*, Assistant Director, with whom were *Joyce R. Branda*, Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Scott D. Austin*, Assistant Director, *Timothy P. McIlmail*, Senior Trial Counsel, *Vincent D. Phillips*, *Amanda L. Tantum*, and *Benjamin Zeitlin*, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### ORDER REGARDING THE
### DEPOSITION OF BEN S. BERNANKE

WHEELER, Judge.

On June 21, 2013, counsel for Plaintiff served a notice to take the deposition of Ben S. Bernanke on Friday, August 16, 2013 at the Washington, D.C. office of Boies, Schiller & Flexner LLP.  Mr. Bernanke is the Chairman of the Board of Governors of the Federal Reserve System.  The deposition would relate to Mr. Bernanke's personal


involvement in the Government's decision to bail out American International Group, Inc. ("AIG") in September 2008, and his knowledge of the specific governmental actions taken to implement the bailout. Mr. Bernanke repeatedly has acknowledged that he was a key decision-maker on behalf of the Government, and his testimony unquestionably is relevant to the Fifth Amendment taking and illegal exaction claims before the Court. Defendant opposes this deposition on the ground that Mr. Bernanke is a high-ranking government official whose deposition should not be taken absent a showing of extraordinary circumstances.

After "meet and confer" efforts among counsel proved unsuccessful, Defendant filed a motion for a protective order on July 8, 2013 asking the Court to preclude the deposition of Mr. Bernanke. Defendant argues that a party seeking testimony from a high-level government official must show that the information sought from the official is "essential to his case, . . . [and] not obtainable from another source." Def's Mot. 2 (citing In re United States (Holder), 197 F.3d 310, 314 (8th Cir. 1999)). Defendant states that "[i]f other persons can provide the information sought, discovery will not be permitted against [a high-ranking] official." Id. (citing Holder, 197 F.3d at 314). Defendant contends that Plaintiff should be required to pursue other avenues of discovery first before seeking Mr. Bernanke's testimony. In its July 23, 2013 reply, Defendant also asserts that a deposition would interfere with Mr. Bernanke's important duties in managing the nation's economy and fiscal policy.

On July 16, 2013, Plaintiff filed its opposition to the Government's motion for a protective order. Plaintiff emphasizes the following reasons for taking Mr. Bernanke's deposition: (1) he was the key decision-maker in the Government's initiation of the bailout of AIG; (2) he has knowledge of relevant aspects of this case, including the Government's decision to offer AIG a loan, whether AIG was financially solvent, whether bankruptcy was a viable option for AIG, whether the Government's actions toward AIG were punitive, and whether the Government took control of AIG; (3) he has provided testimony before Congress regarding AIG at least five times; (4) he has given speeches at various organizations and has performed a lecture series available on the Federal Reserve website addressing the AIG bailout; and (5) he has written a book that in part discusses the AIG bailout. Pl.'s Opp. 1-2.

As a general rule, high-ranking government officials such as cabinet officers or department or agency heads cannot be forced to testify absent extraordinary circumstances. Simplex Time Recorder Co. v. Sec'y of Labor, 766 F.2d 575, 586-87 (D.C. Cir. 1985). However, the "[d]eposition of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated [and] only where it is shown that other persons cannot provide the necessary information." Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007). A plaintiff requesting such a deposition must establish that (1) the official has personal knowledge of relevant facts

necessary to the case, and (2) the information cannot be obtained through other sources. Holder, 197 F.3d at 314.

Obtaining the testimony of high-level government officials is a relatively routine practice in the Court of Federal Claims when the official has personal knowledge of relevant information.  See, e.g., Moreland Corp. v. United States, 76 Fed. Cl. 268, 270 n.2 (2007) (noting that trial witnesses included Anthony Principi, former Secretary of Veterans Affairs); Energy Capital Corp. v. United States, 60 Fed. Cl. 315, 318-19 (2004) (ordering the deposition of former Secretary of Housing and Urban Development Andrew Cuomo as to his personal knowledge of relevant facts); McDonnell Douglas Corp. v. United States, 35 Fed. Cl. 358, 366 n.9 (Fed. Cl. 1996) *rev'd in part on other grounds, vacated in part on other grounds, and remanded*, 182 F.3d 1319 (Fed. Cir. 1999) (describing deposition and trial testimony of Secretary of Defense Richard B. Cheney regarding termination for default of the A-12 aircraft program); Langenegger v. United States, 5 Cl. Ct. 229, 234 (1984), *aff'd in part and vacated in part,* 756 F.2d 1565 (Fed. Cir. 1985) (permitting depositions of senior State Department officials).[1]  This practice can hardly be surprising, given the very essence of the Court's jurisdiction, which allows private citizens to sue the federal government for monetary redress.  As stated by President Abraham Lincoln and memorialized on the lobby wall of the National Courts Building, "[i]t is as much the duty of Government to render prompt justice against itself, in favor of citizens, as it is to administer the same between private individuals."  62 Cong. Globe, 37th Cong., 2d Sess., App. at 2 (1862).  In large cases challenging actions at the top levels of the Government, it is unremarkable that high-level government officials will play a role in the litigation.

Here, the Court concludes that Plaintiff should be permitted to depose Mr. Bernanke.  The Court is persuaded that Mr. Bernanke is a key witness in this case, and that his testimony will be highly relevant to the issues presented.  Because of Mr. Bernanke's personal involvement in the decision-making process to bail out AIG, it is improbable that Plaintiff would be able to obtain the same testimony or evidence from other persons or sources.  Unlike the cases cited by Defendant where the high-level government official had little or no personal involvement, Mr. Bernanke was a central figure in the Government's 2008 determination of how it should handle AIG's fiscal difficulties.  To rule otherwise would deprive the Court of important relevant evidence in its fact-finding and resolution of this case.  Indeed, the Court cannot fathom having to decide this multi-billion dollar claim without the testimony of such a key government decision-maker.  These facts constitute "extraordinary circumstances" for the taking of Mr. Bernanke's deposition.

---

[1]  Anecdotally, the Court also is aware of testimony obtained from General Colin Powell, Chairman of the Joint Chiefs of Staff, William J. Casey, Director of the Central Intelligence Agency, Alfred C. Sikes, Chairman of the Federal Communications Commission, and Richard G. Austin, Administrator of the General Services Administration.  Other examples undoubtedly exist.

In recognition of Mr. Bernanke's high-level government position and the importance of his duties, the Court will extend appropriate deference and courtesies to him in the scheduling and conduct of this deposition. In order to provide appropriate judicial oversight for the deposition of this high-level government official, Judge Wheeler plans to attend Mr. Bernanke's deposition. Judge Wheeler will be available to rule upon any objections that may occur, and to assure that proper and efficient use of time is maintained. Counsel are requested to coordinate the scheduling of this deposition with Mr. Bernanke and the Court. The August 16, 2013 date contained in the deposition notice is acceptable to the Court, but counsel may call the chambers law clerk assigned to this case to determine the availability of other dates.

Defendant's motion for a protective order is DENIED.

IT IS SO ORDERED.

<div style="text-align: right;">

s/Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge

</div>