# In the United States Court of Federal Claims

No. 11-779C

(Filed: August 2, 2013)

```
*****************************＊
                               *
STARR INTERNATIONAL COMPANY,   *
INC., on its behalf and on behalf of a class of *
others similarly situated,     *
                               *
                               *
              Plaintiff,       *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
              Defendant.       *
                               *
*****************************＊
```

## PRETRIAL ORDER

     On July 9, 2013, the Court held a quarterly status conference with counsel for the parties during which the Court and counsel discussed a schedule for trial and certain pretrial procedures. The Court issued a draft of this Pretrial Order to counsel on July 10, 2013 and requested any proposed changes from them by July 24, 2013. Defendant's counsel submitted a number of proposed changes, while Plaintiff's counsel agreed to the procedures set forth in the original draft. The Court conducted a conference call with counsel on August 1, 2013 to address Defendant's proposed changes. With the assistance of counsel, the Court has established the following schedule and procedures:

1. Trial shall begin on Monday, September 29, 2014 at 9:30 AM at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. The Court will allot six weeks through November 18, 2014 (30 trial days) for trial. The trial will encompass all issues of liability and damages as suggested in the parties' joint preliminary status report, paragraph (c), filed September 27, 2012. The Court will provide access to the trial courtroom on September 26, 2014 to allow the parties to set up prior to the start of trial. The Court will provide the details of these arrangements at a later date.

2. On a mutually convenient date not later than July 9, 2014, counsel for the parties shall exchange proposed trial exhibits and draft sets of proposed stipulations. Thereafter, counsel shall engage in good-faith efforts to agree upon stipulations of fact, and to identify core documents that may be admitted as Joint Exhibits at the beginning of trial.  Other exhibits may be categorized either as Plaintiff's Exhibits or Defendant's Exhibits.  Agreement to proposed stipulations should not be unreasonably withheld.  Counsel should endeavor to avoid the duplication of exhibits.  Counsel may also discuss any other matter that will facilitate remaining pretrial procedures or the trial.  Additional meetings may be necessary to complete these requirements in a timely manner (see paragraph 3 below).

3. Not later than August 6, 2014, Plaintiff's counsel shall file with the Court the following information:

   a. Stipulations of all uncontested material facts, in the format of numbered paragraphs, signed by counsel of record for both parties.

   b. Plaintiff's memorandum containing:  (i) the contested factual issues to be addressed at trial, and as to each issue, the contentions of fact that Plaintiff expects to prove at trial; (ii) the proposed conclusions of law that Plaintiff believes will be established, along with citation to the lead case(s) upon which Plaintiff relies; and (iii) citation to, and an appendix containing copies of, the applicable laws and regulations relevant to this case.

   c. A list of exhibits that Plaintiff expects to offer into evidence at trial.  To the extent feasible, exhibits shall be numbered in chronological order with the earliest dated exhibit first.  Exhibits to be offered during the testimony of any expert witness and summaries pursuant to Federal Rule of Evidence 1006 shall be listed last.  Plaintiff shall provide to Defendant (not to the Court) a complete copy of each exhibit appearing on the exhibit list.  These copies of exhibits may be provided electronically if both parties agree.  Except for impeachment and rebuttal exhibits, any exhibit not included on the list filed with the Court will not be admitted at trial, except for good cause shown.

   d. A list of the core documents that counsel have agreed should be in evidence as Joint Exhibits, numbered in chronological order with the earliest dated exhibit first.

   e. A list of the persons Plaintiff expects to call as fact or expert witnesses at trial, including each person's full name, a brief description of the subject matter of the person's testimony, and the expected length of direct examination. Counsel shall indicate for each witness whether the person is certain to testify at trial or whether the person "may" testify at trial.  Except for rebuttal

witnesses, any person not included on the witness list will not be permitted to testify at trial, except for good cause shown. Counsel shall identify any witness expected to testify by video conference from a remote location, and shall explain why a video method of testifying is preferable or necessary.

4. Not later than August 18, 2014, Defendant's counsel shall file with the Court the following information:

   a. Any further stipulations of uncontested material facts, in the format of numbered paragraphs, signed by counsel of record for both parties.

   b. Defendant's memorandum containing: (i) the contested factual issues to be addressed at trial, and as to each issue, the contentions of fact that Defendant expects to prove at trial; (ii) the proposed conclusions of law that Defendant believes will be established, along with citation to the lead case(s) upon which Defendant relies; and (iii) citation to, and an appendix containing copies of, the applicable laws and regulations relevant to this case, to the extent different from those identified by Plaintiff pursuant to section 3.b(iii) above.

   c. A list of exhibits that Defendant expects to offer into evidence at trial. To the extent feasible, exhibits shall be numbered in chronological order with the earliest dated exhibit first. Exhibits to be offered during the testimony of any expert witness and summaries pursuant to Federal Rule of Evidence 1006 shall be listed last. Defendant shall provide to Plaintiff (not to the Court) a complete copy of each exhibit appearing on the exhibit list. These copies of exhibits may be provided electronically if both parties agree. Except for impeachment and rebuttal exhibits, any exhibit not included on the list filed with the Court will not be admitted at trial, except for good cause shown.

   d. A list of Defendant's objections, if any, to the exhibits listed by Plaintiff. Defendant shall indicate the nature of the objection lodged and the applicable rule of the Federal Rules of Evidence relied upon for each objection.

   e. A list of the persons Defendant expects to call as fact or expert witnesses at trial, including each person's full name, a brief description of the subject matter of the person's testimony, and the expected length of direct examination. Counsel shall indicate for each witness whether the person is certain to testify at trial or whether the person "may" testify at trial. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial, except for good cause shown. Counsel shall identify any witness expected to testify by video conference from a remote location, and shall explain why a video method of testifying is preferable or necessary.

5. Not later than August 29, 2014, Plaintiff's counsel shall file a list of Plaintiff's objections, if any, to the exhibits listed by Defendant. Plaintiff shall indicate the nature of the objection lodged and the applicable rule of the Federal Rules of Evidence relied upon for each objection.

6. Except for the core documents admitted as Joint Exhibits at the beginning of trial, all other exhibits shall be offered into evidence as they arise during trial. The Court shall consider any objections to a particular exhibit at that time. In addition, each party should have sufficient copies of exhibits at trial to provide a complete set to the court reporter for use during trial and for use by witnesses while testifying. A "witness binder" often is an efficient way of presenting copies of exhibits that apply to each witness. Counsel should ensure that exhibits receive the necessary explanation of meaning and context through testimony at trial. Any exhibit not referenced during the trial or in the parties' stipulations of fact likely will be afforded little, if any, weight in the Court's consideration of the evidence.

7. Additionally, the Court and counsel of record agree to the following:

   a. The parties shall adhere to Rule 615 of the Federal Rules of Evidence, requiring the exclusion of all fact witnesses from the courtroom during trial, except for one designated officer or representative of each party, who shall remain the same throughout the trial. Expert witnesses, including non-testifying consultants, from each side may remain in the courtroom during the proceedings. Once counsel tenders a witness to opposing counsel for cross-examination, the presenting counsel may not hold substantive discussions with the witness until cross-examination is concluded. Counsel shall not share trial transcripts with upcoming fact witnesses or discuss with them the substance of any trial proceedings that have occurred.

   b. At the beginning of each party's case, counsel shall provide to opposing counsel the order in which witnesses will be called. As the trial progresses, any changes in the order of witnesses shall be furnished promptly to opposing counsel. By 9:00 PM each Friday, the party presenting its case-in-chief or rebuttal case shall provide to the other party a list of witnesses it expects to call during the following week, in the order it expects to call them.

   c. For any witness who appears on the witness list of both parties, and if counsel agree, Defendant may combine cross-examination and direct examination when questioning witnesses called by Plaintiff. This accommodation is made primarily for witnesses who reside outside of the Washington, D.C. area and may be withheld for witnesses who reside locally.

    d. Unless the parties agree otherwise, any demonstrative exhibit to be used by the parties at trial shall be exchanged not less than 48 hours in advance of its use at trial.

    e. At the conclusion of trial, counsel shall coordinate with each other to agree upon a final list of admitted exhibits to be filed with the Court.

    f. After the conclusion of trial, the parties concurrently will file post-trial briefs, containing proposed findings of fact with citations to the record and conclusions of law. The briefs will be filed within a reasonable time to be determined after receipt of the trial transcript. Thereafter, each party will be afforded an opportunity to respond to the opposing party's brief. The Court will schedule closing arguments at the conclusion of the post-trial briefing process.

8. Any party desiring to file a dispositive pretrial motion shall do so on or before July 2, 2014. A party wishing to file other pretrial motions, including motions *in limine*, shall do so on or before August 29, 2014. The existence of any pending motion will not under any circumstances serve to delay the start of trial.

9. The Court will hold a Final Pretrial Conference in open court in Washington, D.C. on September 15, 2014 at 10:00 AM. Counsel of record are expected to participate.

    The above pretrial schedule and procedures are used by the Court in lieu of Appendix A to the Court's rules.

    IT IS SO ORDERED.

                                                         s/Thomas C. Wheeler  
                                                         THOMAS C. WHEELER  
                                                         Judge