# In the United States Court of Federal Claims

No. 11-779C

(Filed: November 8, 2013)

```
*******************************  *
                                 *
STARR INTERNATIONAL COMPANY,     *
INC., on its behalf and on behalf of a class of  *
others similarly situated,       *    Fifth Amendment Taking and
                                 *    Illegal Exaction Claims; Motion
                                 *    to Strike Affirmative Defenses;
             Plaintiff,          *    Laches.
                                 *
  v.                             *
                                 *
THE UNITED STATES,               *
                                 *
             Defendant.          *
                                 *
*******************************  *
```

*David Boies*, with whom were *Robert J. Dwyer*, *Alanna C. Rutherford*, *Julia C. Hamilton*, *Hamish P.M. Hume*, and *Samuel C. Kaplan*, Boies, Schiller & Flexner LLP, Armonk, New York, and *John L. Gardiner*, Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York, for Plaintiff.

*Brian A. Mizoguchi*, Assistant Director, with whom were *Joyce R. Branda*, Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Amanda L. Tantum*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER ON
MOTION TO STRIKE AFFIRMATIVE DEFENSES

WHEELER, Judge.

On September 11, 2013, Plaintiff Starr International Company, Inc. ("Starr") filed a motion to strike the Government's affirmative defenses and to compel production of documents. This motion has been fully briefed. The Court addressed the motion to compel in a separate discovery order (Dkt. No. 182). This opinion and order addresses Starr's motion to strike the Government's affirmative defenses.

## Background

Starr commenced this lawsuit against the United States in November 2011, seeking damages from the Government's economic bailout of American International Group, Inc. ("AIG") that began in September 2008. During the time periods relevant to this case, Starr was one of the largest shareholders of AIG common stock. Starr alleges that the Government's actions in acquiring control of AIG constituted a taking without just compensation and an illegal exaction in violation of the Fifth Amendment.[1]

On July 30, 2013, the United States asserted seven affirmative defenses in its answer to Starr's second amended complaint: payment, contingent offset, equitable estoppel, waiver, laches, hold harmless, and severability. Answer (Dkt. No. 143), ¶¶ 240-63. Starr now asks the Court to take the extraordinary step of striking these defenses. Starr argues that these defenses may not be applied in the circumstances presented regardless of any facts the Government could prove. The Court agrees that the Government's laches defense could not be applied under any set of facts and therefore fails as a matter of law. Regarding the six other affirmative defenses, however, the Court finds that without a developed factual record before it, an evaluation of the merits of the Government's affirmative defenses would be premature. Accordingly, the Court denies Starr's motion to strike the Government's affirmative defenses of payment, contingent offset, equitable estoppel, waiver, hold harmless, and severability.

## Analysis

A. Standard of Review

Rule 12(f) of the Rules of the Court of Federal Claims (RCFC) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter and may do so *sua sponte* or on a motion by a party. Generally, the Court of Federal Claims views motions to strike with disfavor and rarely grants them. See, e.g., Entergy Nuclear Fitzpatrick, LLC v. United States, 93 Fed. Cl. 739, 742 (2010); Fisherman's Harvest, Inc. v. United States, 74 Fed. Cl. 681, 690 (2006). If the sufficiency of a defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted. Sys. Fuels, Inc. v. United States, 73 Fed. Cl. 206, 216 (2006). When considering a motion to strike a defense, the Court must construe the pleadings liberally to give the Government a full opportunity to support its claims at trial. Hernandez, Kroone & Assoc., Inc. v. United States, 95 Fed. Cl. 395, 397 (2010).

---

[1] A detailed factual history of this case can be found in the Court's opinion ruling upon the Government's first motion to dismiss. Starr Int'l Co. v. United States, 106 Fed. Cl. 50 (2012).

B. <u>The Government Should be Afforded the Opportunity to Develop the Facts Relevant to the Defenses of Payment, Contingent Offset, Equitable Estoppel, Waiver, Hold Harmless, and Severability.</u>

Starr contends that the Government's affirmative defenses may not be applied in the circumstances presented regardless of any facts the Government could present. The Government argues that its defenses should not be stricken unless the defenses could not succeed as a matter of law under any facts that could be developed. The Government also argues that it would be unfair, at the pleading stage, to restrict the United States' ability to pursue its defenses considering that the Court has afforded Starr considerable latitude in pursuing its claims. The Government's argument is well taken. Motions to strike affirmative defenses are disfavored in the Court of Federal Claims, particularly when there are disputed questions of law and fact, as is this case here. The Government should be afforded the opportunity to develop the facts relevant to the defenses of payment, contingent offset, equitable estoppel, waiver, hold harmless, and severability.

Starr maintains that the Government's contract-based affirmative defenses (payment, contingent offset, severability, hold harmless, and indemnification) only work if this case is recast as one involving derivative claims. Starr's argument raises legitimate questions about the viability of the Government's affirmative defenses, but the Court has an insufficient context to evaluate the defenses prior to trial of the merits.

C. <u>Starr has Not Demonstrated Prejudice.</u>

Furthermore, Starr has not shown that it will be prejudiced by the Government's assertion of the affirmative defenses of payment, contingent offset, equitable estoppel, waiver, hold harmless, and severability. Starr argues that conducting discovery on these affirmative defenses creates an additional burden. However, most of the facts relevant to the Government's affirmative defenses will be developed as part of the discovery afforded to Starr in its attempt to prove its claims. Starr will not suffer an undue burden.

If anything, fairness dictates that the Court allow the Government to develop the facts relevant to these defenses. The Court has allowed Starr to pursue discovery on matters that relate to derivative claims such as Maiden Lane III on the grounds that such discovery provides a full picture of what the Government did and why they did it. The Government rightly points out that the Court has indicated its interest in understanding "the full picture" of the rescue of AIG. Allowing the Government to put forth its affirmative defenses will create a more complete evidentiary record, and creating a record that reflects the full picture of what happened during the rescue of AIG outweighs any resulting marginal burden placed upon Starr.

D.  <u>The Government's Laches Defense Fails as a Matter of Law and Will be Stricken.</u>

While most of the Government's defenses have survived the motion to strike, the laches defense fails as a matter of law.  To raise the defense of laches, the Government must show (1) unreasonable and unexcused delay by Starr in filing its claim, and (2) prejudice to the Government, either economic prejudice or impairment of the ability to mount a defense.  <u>Miss. Dep't of Rehab. Servs. v. United States</u>, 61 Fed. Cl. 20, 30 (2004).  Here, there was no unreasonable delay.  Starr filed its claim three years after the events at issue in this case, but the filing took place within the applicable six-year statute of limitations set forth in the Tucker Act.  28 USC § 2501.  This Court generally refuses to invoke the doctrine of laches to dismiss claims whose limitation period has been set by statute and has not run.  <u>Six v. United States</u>, 71 Fed. Cl. 671 (2006) (citing <u>Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.</u>, 988 F.2d 1157, 1161 (Fed. Cir. 1993) ("When a limitation on the period for bringing suit has been set by statute, laches will generally not be invoked to shorten the statutory period.").  Here, the Government has not shown impairment of its ability to mount a defense or other extraordinary circumstances that would justify a shortening of the statutory period for filing.  Therefore, laches is not a viable defense under the circumstances of this case, and must be stricken.

Accordingly, Starr's motion to strike the Government's affirmative defenses is GRANTED in part and DENIED in part.  The affirmative defense of laches is stricken, but Starr's motion to strike the defenses of payment, contingent offset, equitable estoppel, waiver, hold harmless, and severability is denied.

IT IS SO ORDERED.

s/ Thomas C. Wheeler<br>
THOMAS C. WHEELER<br>
Judge