# In the United States Court of Federal Claims

No. 11-779C

(Filed: February 5, 2014)

```
*******************************  *
                                 *
STARR INTERNATIONAL COMPANY,     *
INC., on its behalf and on behalf of a class of  *
others similarly situated,       *
                                 *
                                 *
              Plaintiff,         *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
*******************************  *
```

## DISCOVERY ORDER NO. 7

Currently before the Court is a set of discovery disputes between Plaintiff Starr International Company, Inc. ("Starr") and a non-party witness, Morgan Stanley & Co. LLC ("Morgan Stanley"). The disputes arise from a June 21, 2013 subpoena to produce documents and an October 28, 2013 subpoena to testify at a Rule 30(b)(6) deposition, which counsel for Starr served upon counsel for Morgan Stanley. Starr asserts that Morgan Stanley played a central role in the events underlying Starr's claims. After months of protracted oral and written communications between counsel, Starr filed a motion to compel documents and deposition testimony from Morgan Stanley on January 30, 2014. With fact discovery about to be completed in this case, the Court promptly set this matter for hearing by telephone on February 5, 2014, with an invitation to Morgan Stanley that it could file a response to Starr's motion prior to the hearing. Morgan Stanley did so, filing a response and cross-motion to quash the deposition subpoena on February 4, 2014. Both parties provided extensive appendices with their briefs.

Morgan Stanley indeed was deeply involved in the relevant events of this case, and it should come as no surprise to Morgan Stanley that Starr sought discovery from it. As Starr alleges, on September 15, 2008, the Government brought in Morgan Stanley to seek advice on the private-sector consortium's efforts to provide a loan to AIG. In this role, Morgan Stanley had frequent communications with top officials at the Federal

Reserve Bank of New York ("FRBNY") and the Treasury Department during the important mid-September 2008 period.  Starr also states, based upon other information obtained in discovery, that Morgan Stanley was intimately involved in the transition from a private-sector solution to a Government bailout, as well as drafting and revising the September 16, 2008 term sheet presented to AIG.  According to Starr, Morgan Stanley worked closely with the Government in structuring the Revolving Credit Facility and the Credit Agreement, and later in restructuring AIG, including the sale of various AIG businesses.

Starr states that, among other tasks, Morgan Stanley played a critical role in advising FRBNY on the valuation of AIG's collateral.  Following the finalization of the Credit Agreement, Morgan Stanley began a multi-year engagement with FRBNY from 2008 through 2011.  Under that engagement, Morgan Stanley served as FRBNY's primary advisor on the November 2008 and March 2009 restructuring of the loan to AIG, guided AIG's corporate restructuring and asset disposition process, conducted periodic valuations of AIG and its subsidiaries, and provided input to the Maiden Lane II and Maiden Lane III transactions.  Starr asserts that the breadth and depth of Morgan Stanley's involvement in this case exceeds the involvement of any other non-party.  Starr Mot. 1-2.  Morgan Stanley does not dispute its central role in assisting the Government in the manner Starr alleges.

Despite having the two subpoenas for three and seven months respectively, Morgan Stanley has not met its obligations to comply with the Court's non-party discovery procedures.  In fact, the Court's overall impression from the appendices accompanying the briefs is that counsel for Morgan Stanley has been most adept at conjuring up endless reasons to "negotiate" the terms and scope of permissible discovery, but all of the e-mails and letters simply have had a cumulative effect of postponing compliance with Starr's proper subpoenas.  As Starr points out, Morgan Stanley has been the only non-party among many in this case to have claimed difficulty in complying with the requirements of a Rule 30(b)(6) deposition.  Although Morgan Stanley over time has made document productions as requested, Starr asserts that Morgan Stanley has not produced documents describing Morgan Stanley's valuation of AIG's businesses.  Despite the extensive correspondence between counsel, Morgan Stanley has not appeared for a Rule 30(b)(6) deposition, and now in its cross-motion, it requests the Court to quash the deposition subpoena.

In reaching a proper resolution of Starr's motion and Morgan Stanley's response and cross-motion, the Court draws guidance from JZ Buckingham Investments LLC v. United States, 78 Fed. Cl. 15 (2007).  In that case, Chief Judge Damich of our Court examined a non-party's motion to quash a subpoena and the plaintiff's cross-motion to compel discovery.  The Chief Judge acknowledged that the Court must be mindful of a non-party's status, and that the responding to the subpoena would be "somewhat burdensome" given that the non-party law firm was "in the process of dissolution."  Id. at

26. Yet, as here, the Court observed that the non-party "was not a complete stranger to the litigation and was in fact a major player in the transaction at stake." Id. The Court concluded that there was no basis to quash the subpoena, and that the non-party "should be compelled to respond to the subpoena at its own expense." Id.

The Court provided its ruling orally to the parties at the close of the February 5, 2014 telephone hearing. For good cause shown, the Court GRANTS Starr's motion to compel documents and deposition testimony from Morgan Stanley, and DENIES Morgan Stanley's cross-motion to quash the deposition subpoena. The relief provided to Starr shall consist of the following:

(1) Morgan Stanley shall promptly produce to Starr any documents that describe Morgan Stanley's valuation of AIG's businesses;

(2) Morgan Stanley shall provide full and complete Rule 30(b)(6) testimony on February 18, 2014 for all of the deposition topics included in the October 28, 2013 subpoena;

(3) Morgan Stanley shall identify as soon as practicable, but not later than February 7, 2014, all the witnesses that will testify on behalf of Morgan Stanley at the Rule 30(b)(6) deposition; and

(4) Pursuant to Rule 37(b)(2)(C), Morgan Stanley or its counsel of record shall reimburse Starr for its reasonable costs and attorneys' fees incurred in presenting Starr's motion to compel to the Court. The parties are requested to resolve the amount of the fees and costs by mutual agreement, but they may present the matter to the Court for resolution if they are unable to reach agreement.[1]

IT IS SO ORDERED.

                                                                         s/Thomas C. Wheeler
                                                                         THOMAS C. WHEELER
                                                                         Judge

---

[1] Morgan Stanley contends that Rule 37 does not apply to non-parties, but this position is incorrect. See RCFC 71, "Enforcing Relief For or Against a Nonparty" ("When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party.").