# In the United States Court of Federal Claims

No. 11-779C

(Filed:  February 28, 2014)

```
*************************************  *
                                       *
STARR INTERNATIONAL COMPANY,           *
INC., on its behalf and on behalf of a class  *
of others similarly situated,          *
                                       *
                    Plaintiff,         *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
                    Defendant.         *
                                       *
*************************************  *
```

## DISCOVERY ORDER NO. 8

On February 27, 2014, conflicts counsel for Plaintiff Starr International Company ("Starr") and counsel for non-party Goldman Sachs & Company ("Goldman") filed a joint status report requesting additional time until March 31, 2014 to complete Starr's discovery of Goldman.  The discovery stems from a July 19, 2013 subpoena that Starr served upon Goldman for production of documents and for a Rule 30(b)(6) deposition.  The difficulties that Starr has encountered with Goldman were the subject of a previous order issued on January 17, 2014, and bear some resemblance to Starr's experiences with another material non-party, Morgan Stanley.  (See Order, February 5, 2014, Dkt. No. 221).  Specifically, both Goldman and Morgan Stanley unreasonably delayed discovery compliance under the guise of "negotiating" the proper scope of their respective subpoenas.  As in the case of Morgan Stanley, this practice will not continue.

Accordingly, upon due consideration, the request of Starr and Goldman for additional time is GRANTED IN PART and DENIED IN PART.  The Court will allow a ten-day time extension, until March 10, 2014, for Goldman to comply fully with its obligations under the July 19, 2013 subpoena.  This deadline will not be further extended.

The proposed plan of Starr and Goldman to substitute a declaration in lieu of a Rule 30(b)(6) deposition may no longer be feasible, although the Court will leave that determination to counsel. If Starr promptly demands a Rule 30(b)(6) deposition of Goldman, such deposition is expected to occur on or before March 10, 2014, without exception.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge