Civil Division

Washington, DC 20530

May 14, 2014

The Honorable Thomas C. Wheeler
United States Court of Federal Claims
717 Madison Place, N.W.
Washington, D.C. 20439

       *Starr International Co. v. United States*, No. 11-997C (TCW) (Fed. Cl.)

Dear Judge Wheeler:

       On behalf of Defendant, we write to inform the Court of a serious violation of its protective order. (Dkt. 104.)

       Yesterday, the confidential deposition testimony of three former senior government officials – Timothy F. Geithner, Henry M. Paulson, Jr. and Ben S. Bernanke – taken in this case was publicly disclosed in a news article. The reporter acknowledged reviewing all three depositions, and speaking to a "person with direct knowledge" of one of the depositions.[1] Each of those depositions was designated as "Confidential" under the Court's protective order, and Starr has not challenged those designations.

       The unauthorized disclosure of these confidential depositions is a clear violation of the Court's protective order, which unambiguously provides that confidential information "shall be used . . . solely for purposes of this litigation,"[2] and strictly limits the persons to whom confidential information may be disclosed. (Dkt. 104 ¶¶ 7-8.)

---

   [1] A copy of the article, which may be found at www.foxbusiness.com/business-leaders/2014/05/13/geithner-aig-plan-genius-or-clueless, is attached. The article was written by a reporter who previously has broken news relating to Maurice "Hank" Greenberg and the companies he controls. *See, e.g.*, http://video.foxbusiness.com/v/3373438685001/gasparino-greenberg-in-china-to-complete-purchase-of-insurer/#sp=show-clips ( breaking an "exclusive" story about an investment by a Starr company); http://video.foxbusiness.com/v/3221452543001/gasparino-on-details-of-starrs-multiplan-acquisition/#sp=show-clips (reporting "exclusive" details from "people close to the deal" regarding a proposed acquisition by a Starr company).

   [2] The protective order also permits confidential information to be used in the related litigation in the Southern District of New York "if permitted by that Court." Dkt. 104 ¶ 8.

We felt it important to make the Court aware of these violations, which threaten the Court's paramount institutional interest in compliance with its orders, especially those governing the conduct of litigation before it. *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Court has "great discretion" in addressing violations of its orders. *See Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc.*, 305 F.3d 1303, 1314 (Fed. Cir. 2002).

Respectfully submitted,

Brian A. Mizoguchi /pck

Brian A. Mizoguchi
Assistant Director
Commercial Litigation Branch

cc: David Boies, Esq.  (by electronic mail and first-class mail)

Enclosure