IN THE UNITED STATES COURT OF FEDERAL CLAIMS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STARR INTERNATIONAL COMPANY,
INC., Individually and on Behalf of All       :
Others Similarly Situated,
                                                   :

                Plaintiff,
                                           :

   v.
                                                :

THE UNITED STATES OF AMERICA,      No.  11-00779C (TCW)
                                           :

                Defendant.
                                           :

                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFF'S STATUS REPORT

Pursuant to the Court's Order filed May 23, 2014, Plaintiff Starr International Company, Inc. submits this Status Report to inform the Court of certain developments regarding the disclosure of information concerning the depositions of Messrs. Bernanke, Geithner, and Paulson in violation of the Court's Amended Protective Order.

As previously reported to the Court, upon learning of Charles Gasparino's May 13, 2014 article purporting to be based on the transcripts of these depositions, Plaintiff immediately undertook an investigation into whether Plaintiff or the Qualified Persons to whom Plaintiff had disclosed Confidential Information were the source of those disclosures. Pl.'s Response to Def.'s Notice (May 18, 2014), ECF No. 234, at 1. Plaintiff obtained written statements from all Qualified Persons who had access to the depositions in hard or electronic format that they did not provide or otherwise disclose the transcripts to unauthorized persons.[1] Plaintiff also determined

---

[1] At the May 23, 2014 hearing, counsel for Starr explained that three individuals with access to the transcripts had not yet signed these declarations. As of the date of this filing, Starr has

by a search of the e-mails of the Qualified Persons with access to the deposition transcripts that none of them had sent e-mails referencing those transcripts or the contents thereof to Mr. Gasparino, Fox Business, or Fox News. *Id.* at 2. As Plaintiff represented to the Court at the May 23, 2014 hearing on the protective order violation, Plaintiff will continue to keep the Court apprised of any new facts discovered as a result of its investigation.

More recently, on June 4, 2014, a representative of Starr was contacted by an associate producer for Charles Gasparino who sought to confirm whether a confidential luncheon meeting had taken place at Starr. Because there were only a limited number of individuals who attended or had knowledge of the meeting,[2] and because it was evident that Mr. Gasparino had received confidential information concerning that meeting, Starr immediately began to investigate whether there was any connection between the two disclosures.

Starr wrote lead counsel for the United States on June 4, 2014 to inform him that Starr was "concerned" that a former consultant no longer retained by Starr[3] "may have been the source" of Mr. Gasparino's information concerning that meeting. A copy of this letter is attached as Exhibit A. Starr explicitly noted in its letter to the United States that it had "no direct evidence that the former consultant did in fact leak information concerning the luncheon" and that, even if he did, "that would not necessarily indicate that he was the source of a leak concerning the unauthorized disclosure of transcripts subject to the Court's protective order."

---

received signed declarations from all persons with access to the deposition transcripts except a former secretary to Starr's General Counsel, to whom Starr has spoken and from whom Starr expects to receive a signed declaration this week.

[2] Starr did not share any Confidential Information from this action with the participants in that meeting.

[3] This consultant was told on Friday, May 2, 2014 that he would be terminated. He left Starr's offices on May 4, 2014, and he ceased to have access to Confidential Information at that time except through his e-mail account. His e-mail account was terminated on May 9, 2014.

Ex. A at 2.  As the letter explained to Defendant's counsel of record, its purpose was to solicit the United States' views "as to what action, if any" Starr or the parties together should take under the circumstances, and in light of Starr's "commitment to you and to the Court to advise you of any developments that might bear on who was responsible for the leak of the transcripts." *Id.*

Counsel for the United States did not respond to Starr's letter until after the article at issue was published on June 5, 2014.  Rather than accepting Starr's invitation to meet and confer on the issue, counsel of record for the United States informed Starr in a letter that the United States intended to file a status report with the Court.  Ex. B (6/6/2014 Ltr. from B. Mizoguchi to D. Boies), at 2.  Within minutes of sending the letter, the United States filed a status report attaching the June 5, 2014 article and containing no additional information.

Plaintiff notes that the June 5, 2014 article which Defendant attached to its Status Report is misleading and inaccurate in numerous respects.  For example: (i) Steve Cohen never "expressed interest" in financing this litigation; (ii) Mr. Boies never "quipped" at the luncheon "that he didn't 'want to pat himself too much on the back'" for court victories; and (iii) it is not true that David Koch "didn't respond to a request for his attendance".  More generally, Mr. Gasparino's reporting on Starr, Mr. Greenberg, and Boies, Schiller & Flexner LLP over the past two years has similarly been inaccurate in important respects.  For example, Mr. Gasparino inaccurately suggested on national television that Mr. Greenberg was considering whether "to fire David Boies".  Tr. of "Countdown to the Closing Bell" (Dec. 19, 2013 3:24 p.m. ET).  And, as counsel for Starr pointed out at the May 23, 2014 hearing, the May 13, 2014 article "does not fairly reflect the context of the deposition."  (5/23/14 Hearing Tr. at 10:6-11.)
Immediately after contacting Defendant on June 4, 2014, Starr also contacted the former consultant.  Starr had already obtained a written declaration from him stating that he had not

disclosed the deposition transcripts of Messrs. Bernanke, Geithner or Paulson or their contents to any unauthorized person. However, in light of the June 5, 2014 article, Starr again questioned him concerning both unauthorized disclosures. The former consultant adamantly denied any involvement in either leak and has told counsel for Starr that he never printed the transcripts in question; did not store any copies of the transcripts on any hard drive or other media storage device; never opened electronic copies of the transcripts outside of Starr's offices; never saved or forwarded electronic copies of the transcripts; and shredded any hard-copy documents he did have before leaving Starr. Starr has reviewed the hard drive of the consultant's work computer and searched his e-mail account, and there is no indication of his disclosing any unauthorized information to Mr. Gasparino.[4]

The former consultant additionally told Starr that Mr. Gasparino stated to him that the source of the disclosed transcripts was a Department of Justice employee. Starr emphasizes that it has no direct knowledge of whether Mr. Gasparino in fact said this, or whether if Mr. Gasparino did say this, it is accurate. However, in light of this comment, Starr requested that Defendant confirm that it also has obtained signed declarations from all persons identified as having had access to the transcripts and inform us of what additional steps it has taken to ensure that no one working on behalf of Defendant breached the Protective Order. *See* Ex. C (6/11/2014 Ltr. from R. Dwyer to B. Mizoguchi).

In sum, Plaintiff has no better information about the transcript leaks now than it did when last before the Court. Although Plaintiff's letter to Defendant raised a concern that the improper

---

[4] Because Plaintiff's investigation has not led to the discovery of any evidence that the former consultant in fact improperly disclosed any information protected by the Court's protective order, Plaintiff is reluctant to identify him by name at this time. However, Plaintiff is prepared to recommend that the consultant voluntarily provide the Court with whatever information the Court deems appropriate in whatever form the Court thinks is appropriate.

disclosure could have been from one of Starr's consultants, our investigation has thus far revealed no evidence.  Plaintiff will continue in its efforts to determine the source of the unauthorized disclosure and will keep the Court apprised of any new information it learns.

Dated: New York, NY
       June 11, 2014

                         BOIES, SCHILLER & FLEXNER LLP

                     By     /s/ David Boies
                          David Boies
                          Attorney of Record
                          333 Main Street
                          Armonk, NY 10504
                          Tel. (914) 749-8200
                          Fax (914) 749-8300
                          Email: dboies@bsfllp.com

                          *Counsel for Plaintiff Starr International Company, Inc. and for the Plaintiff Classes*

OF COUNSEL:

| BOIES, SCHILLER & FLEXNER LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| Robert J. Dwyer | John L. Gardiner |
| Alanna C. Rutherford | Four Times Square |
| Julia C. Hamilton | New York, NY 10036 |
| 575 Lexington Avenue | Telephone:  (212) 735-3000 |
| New York, NY 10022 | |
| Telephone:  (212) 446-2300 | |

Hamish P. M. Hume
Samuel C. Kaplan
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone:  (202) 237-2727

disclosure could have been from one of Starr's consultants, our investigation has thus far revealed no evidence.  Plaintiff will continue in its efforts to determine the source of the unauthorized disclosure and will keep the Court apprised of any new information it learns.

Dated: New York, NY
       June 11, 2014

BOIES, SCHILLER & FLEXNER LLP

By  /s/ David Boies
David Boies
Attorney of Record
333 Main Street
Armonk, NY 10504
Tel. (914) 749-8200
Fax (914) 749-8300
Email: dboies@bsfllp.com

*Counsel for Plaintiff Starr International Company, Inc. and for the Plaintiff Classes*

OF COUNSEL:

| BOIES, SCHILLER & FLEXNER LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| Robert J. Dwyer | John L. Gardiner |
| Alanna C. Rutherford | Four Times Square |
| Julia C. Hamilton | New York, NY 10036 |
| 575 Lexington Avenue | Telephone:  (212) 735-3000 |
| New York, NY 10022 | |
| Telephone:  (212) 446-2300 | |

Hamish P. M. Hume
Samuel C. Kaplan
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone:  (202) 237-2727