# EXHIBIT A

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

June 4, 2014

**BY E-MAIL**

Brian Mizoguchi, Esq.
Matthew F. Scarlato, Esq.
Commercial Litigation Branch
Civil Division – Department of Justice
1100 L Street, N.W., Room 12042
Washington, D.C., 20005

Re: *Starr International Company, Inc. v. United States*,
No. 11-00779C (TCW) (Fed. Cl.)

Dear Mr. Mizoguchi and Mr. Scarlato:

David Boies is out of the country but he has asked me to bring to your attention promptly a development that may be relevant to the issue that we discussed with the Court on May 23, 2014 concerning the unauthorized disclosure of deposition transcripts subject to the Court's protective order and to ask for your view as to what actions, if any, you believe we should take.

On or around May 1, 2014, a consultant to Starr was informed that he would no longer serve in that role. While acting as a consultant to Starr, that person had access to the transcripts in question and when on May 13, 2014, Mr. Gasparino published his report, we contacted the former consultant, among many others who had also had access to the transcripts, to ask him to confirm that he had not made any unauthorized disclosure. The former consultant at that time unequivocally told us that he had not made any such unauthorized disclosure and confirmed that for us in writing.

Recently, we learned that someone had leaked to Mr. Gasparino information concerning a luncheon that Mr. Greenberg and others had had concerning the Starr case. Because of the limited number of people at that luncheon, the fact that the former consultant was among them, and what we viewed as the unlikelihood that any of the others would have leaked information concerning the luncheon, we became concerned that the former consultant may have been the source of this leak to Mr. Gasparino.

*Letter to Mizoguchi and Scarlato*
*June 4, 2014*
*Page 2 of 2*

  We have no direct evidence that the former consultant did in fact leak information concerning the luncheon. Moreover, even if he did, that would not necessarily indicate that he was the source of a leak concerning the unauthorized disclosure of transcripts subject to the Court's protective order.

  Under all the circumstances, including our commitment to you and to the Court to advise you of any developments that might bear on who was responsible for the leak of the transcripts, we thought it was appropriate to raise this issue with you at this time.

  After you have had a chance to consider this letter, I would appreciate your views as to what action, if any, you think it is appropriate for us to take either with or in the absence of your participation.

            Very truly yours,

            *[signature]*

            Robert J. Dwyer