# EXHIBIT C

**BOIES, SCHILLER & FLEXNER LLP**

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

June 11, 2014

**BY E-MAIL**

Brian Mizoguchi, Esq.
Commercial Litigation Branch
Civil Division – Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044

Re:  *Starr International Company, Inc. v. United States*,
No. 11-00779C (TCW) (Fed. Cl.)

Dear Brian:

As David Boies is still out of the country, at his request I am writing to you in response to your June 6, 2014 letter concerning the violation of the Court's amended protective order.

I note for your information that the June 5, 2014 article which you provided to the Court contains several errors. For example, Steve Cohen never "expressed interest" in financing this litigation; Mr. Boies never "quipped" at the luncheon "that he didn't 'want to pat himself too much on the back'" for court victories; and it is not true that David Koch "didn't respond to a request for his attendance".

Generally, Mr. Gasparino's reporting on Starr, Mr. Greenberg, and Boies, Schiller & Flexner LLP over the past two years has similarly been inaccurate in important respects. For example, Mr. Gasparino inaccurately suggested on national television that Mr. Greenberg was considering whether "to fire David Boies". Tr. of "Countdown to the Closing Bell" (Dec. 19, 2013 3:24 p.m. ET). We also already noted that Mr. Gasparino's initial article referring to the improperly disclosed transcripts contained inaccuracies and "spin" contrary to Starr's positions.

In response to your request, Starr can confirm that the consultant was told on Friday, May 2, 2014 that he would be terminated. He left Starr's offices on May 4, 2014, and he ceased to have access to any Confidential Information at that time except through his e-mail account. His e-mail account was terminated on May 9, 2014. The consultant told counsel for Starr that he never printed the transcripts in question; did not store any copies of the transcripts on any hard drive or other media storage device; never opened electronic copies of the transcripts outside of Starr's offices; never saved or forwarded electronic copies of the transcripts; and shredded any hard-copy documents he did have before leaving Starr. The former consultant was also among the signatories of a statement confirming that he shared no confidential information with Mr. Gasparino or other unauthorized persons. Moreover, Starr has reviewed the consultant's email account and there is no indication of his disclosing any unauthorized information to Mr. Gasparino.

BOIES, SCHILLER & FLEXNER LLP

Brian Mizoguchi, Esq.
June 11, 2014
Page 2

In response to your request, we can also confirm that no confidential materials were shared with any participants in the private meeting described in Mr. Gasparino's June 5, 2014, article. As such, the luncheon is irrelevant to any investigation of the leak of the deposition transcripts. I will address separately the inquiries you made with respect to Mr. Flowers.

I initially referred to the luncheon in my letter to you of June 4, 2014 because the fact that information concerning that luncheon was leaked and the fact that Starr's former consultant had access to both the three transcripts in question and to facts concerning the luncheon was information that I felt should be reported to you. I emphasize that we have no evidence that Starr's terminated consultant in fact leaked either information concerning the transcripts or information concerning the luncheon. Starr has conducted searches of the hard drive of the former consultant's work computer and e-mail accounts, which did not turn up any indication of his involvement in either leak. We have also questioned him on multiple occasions, and he is adamant that he did not leak either information and in fact he has reported to us that Mr. Gasparino has reported to him that the source of the disclosed transcripts was someone from the Department of Justice. I emphasize that I am not asserting that Mr. Gasparino in fact said that, or that if Mr. Gasparino did say that he was accurate. However, in the interest of full disclosure I want you to be aware of what we have discovered and been told with respect to your request that Starr elaborate on the information it disclosed on June 4, 2014. In light of this, however, I would ask you to promptly notify us of the steps the Government has taken to ensure that the leak did not come from someone working for you and confirm that you have obtained signed declarations from all persons you have identified as having had access to the transcripts that were improperly disclosed.

With respect to your request for us to identify the terminated consultant, given the lack of evidence that this person in fact improperly disclosed any information protected by the Court's protective order, we are reluctant to identify him by name.

Finally, in response to your request, we can confirm that we have obtained signed declarations from all persons identified as having had access to the transcripts except one former secretary to Starr's General Counsel with whom we have spoken and from whom we expect to have a signed declaration this week.

Very truly yours,

Robert J. Dwyer