# In the United States Court of Federal Claims

No. 11-779C

(Filed:  August 1, 2014)

```
**********************************     *
                                       *
STARR INTERNATIONAL COMPANY,           *
INC., on its behalf and on behalf of a class  *
of others similarly situated,          *
                                       *
                          Plaintiff,   *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
                          Defendant.   *
                                       *
**********************************     *
```

## ORDER REGARDING STIPULATIONS OF FACT

On July 30, 2014, counsel for the parties filed a Joint Status Report raising a dispute about the procedures being employed for agreeing or disagreeing to proposed stipulations of fact.[1]  Under the Court's August 2, 2013 Pretrial Order, counsel of record were to meet on or before July 9, 2014, to "exchange proposed trial exhibits and draft sets of proposed stipulations."  (Pretrial Order, ¶ 2.)  Thereafter, counsel were to "engage in good-faith efforts to agree upon stipulations of fact, and to identify core documents that may be admitted as Joint Exhibits at the beginning of trial."  Id.  The Pretrial Order directed that "[a]greement to proposed stipulations should not be unreasonably withheld."  Id.  The stipulations of uncontested material fact are to be filed with the Court on August 6, 2014. Id. at ¶ 3a.  Trial is scheduled to begin on September 29, 2014.

In the Joint Status Report, Plaintiff Starr International Company ("Starr") argues that Defendant has not negotiated proposed stipulations in good faith.  By way of example, Starr has cited quotations from depositions of key government representatives, statements from government expert witnesses, and passages from books or public records that Defendant has refused to accept.  Starr characterizes Defendant's stance as a refusal "to agree to basic facts about which there can be no disagreement."  (Joint Status Report, 3.)  Starr asserts that there

---

[1]  At the Court's suggestion, the parties have been using joint status reports since early in this case as a way to present discovery and procedural disputes to the Court.  The single report contains the position of each party on the issue(s) presented.

are very few truly disputed facts in this case, id. at 2, and asks the Court to clarify the requirements for negotiating stipulations.

Defendant states that it has complied with the Court's Pretrial Order, and points out that it has agreed outright or with minor edits to 115 of Starr's proposed stipulations. Defendant also states that 150 of its own stipulations have been accepted, resulting in a total of approximately 265 agreed stipulations. Defendant acknowledges that it has rejected many of Starr's proposed stipulations, but states that they "were argumentative or misleading, contained factual misstatements, requested agreement on legal conclusions, were not material to a takings or illegal exaction claim, or selectively excerpted statements by removing them from their necessary context." Id. at 7.

Upon careful consideration of the parties' positions, the Court believes that the instructions in paragraph two of the Pretrial Order are clear, and do not call for any clarification. Judging by the amount of effort the parties have devoted to drafting and discussing potential stipulations of fact, the Court is satisfied that the requirements of paragraph two are being met. Although Starr may have anticipated more stipulations of fact before trial, the Court will not engage in forcing or coercing either party to accept stipulations. It may well be debatable whether a party's rejection of certain stipulations is reasonable, but the Court does not see a benefit in micro-managing this process. Accordingly, Plaintiff's request for further clarification of the stipulation process in the Pretrial Order is DENIED. The Court will look forward to receiving the signed stipulations of fact on August 6, 2014, as currently scheduled.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge

2