# In the United States Court of Federal Claims

No. 11-779C

(Filed: August 25, 2014)

```
*************************************   *
                                        *
STARR INTERNATIONAL COMPANY,            *
INC., on its behalf and on behalf of a class  *
of others similarly situated,           *
                                        *
                    Plaintiff,          *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
                                        *
*************************************   *
```

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Starr International Company, Inc. ("Starr") commenced this lawsuit against the United States in November 2011, challenging the Government's economic bailout and takeover of American International Group, Inc. ("AIG") that began in September 2008. During the time periods relevant to this case, Starr was one of the largest shareholders of AIG common stock. Starr and its shareholder class members allege that the Government's actions in acquiring control of AIG constituted a taking without just compensation and an illegal exaction in violation of the Fifth Amendment. They also allege that the Government imposed a "reverse stock split" on AIG's shareholders, which had the effect of diluting stock ownership and giving the Government 80 percent control of the voting stock. Starr and its class seek damages from the Government in excess of $25 billion. A six-week trial is scheduled to commence on September 29, 2014.

On July 2, 2014, Defendant's counsel filed a motion for summary judgment pursuant to Rule 56(a) of the Rules of the United States Court of Federal Claims ("RCFC"). The motion is premised on the assertion that AIG and its directors voluntarily agreed to the Government's proposed rescue terms, that there is no evidence of any economic loss to the AIG shareholders, and that Starr's illegal exaction claim is not sustainable. Regarding Starr's "reverse stock split" claim, the Government argues that AIG proposed the stock split, its shareholders voted in favor of the split, and there is no government action on which a taking claim could be based. On July 30, 2014, Plaintiff's counsel filed a detailed and persuasive response, opposing with evidentiary

support all of the underlying factual premises of Defendant's motion, and refuting Defendant's conclusions of law. On August 18, 2014, the Government filed an extensive reply.[1] The issue presently before the Court is not to decide which party should prevail on the merits, but to determine whether the case can be resolved through summary judgment. The Court deems oral argument on the motion unnecessary.

Under Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment will not be granted if the "evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The Court's function is not to weigh the evidence and determine the merits of the case presented, but to determine whether there is a genuine issue of material fact for trial. Id. at 249.

Here, the Court commends both parties for submitting well-argued briefs supported with extensive appendices, but the bulk of the evidence presented serves to demonstrate the need for a trial. Indeed, Plaintiff's appendix to the response consisted of 151 exhibits and over 1,600 pages. Among these exhibits were excerpts from 28 depositions, underscoring a conclusion that oral testimony will be significant to the outcome of this case. For its part, the Government submitted 69 exhibits, including excerpts from 27 depositions and six expert reports. The sheer volume of material presented is a testament to the complexity of the issues before the Court. This is not a case where the parties have stipulated to an agreed set of facts and presented purely questions of law. The complexity of the submissions and the factual disagreements strongly point to the need for a trial.

The parties' recent pretrial filings further support the Court's conclusion that a trial is necessary. For example, the parties disputed many of each other's proposed stipulations of fact. As the Court explained in an August 1, 2014 order (Dkt. No. 257), it is a party's prerogative to reject proposed stipulations that it finds untrue or misleading. However, the Government's outright rejection of 660 of Starr's proposed fact stipulations certainly suggests the existence of many significant factual issues. Moreover, the Government has served notice of objections to the vast majority of Plaintiff's 2,712 proposed trial exhibits. The Government's 180-page chart of objections may reflect diligent trial preparation, but also shows further disagreement about the facts.

---

[1] With the Court's consent, and indicative of the complexity, each of the parties' briefs exceeded the page limitations prescribed by the Court's rules. RCFC 5.4(b) (40-page limit for opening brief, 20-page limit for reply brief).

Finally, based upon a review of the briefs and appendices, the Court finds that this is not a case to be decided on the papers without trial. While the motion and response have provided a useful summary of the parties' positions, the Court needs to weigh the evidence, make credibility determinations, and draw legitimate inferences from the facts. Likewise, the case involves complex financial and economic issues that warrant the analysis and testimony of qualified expert witnesses. Rather than deciding the case on a Rule 56 motion, the Court finds that the "better course would be to proceed to a full trial." Anderson v. Liberty Lobby, 477 U.S. at 255. Accordingly, the Government's motion for summary judgment is DENIED, and trial will begin on Monday, September 29, 2014 as scheduled.

The final pretrial conference is set for Monday, September 15, 2014 at 10:00 AM in Washington, D.C. In this regard, the Court invites each party to file any proposed agenda items for this conference on or before September 8, 2015. The Court will have its own list of subjects for this conference, but will be pleased to address any additional items submitted by the parties.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge

3