**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STARR INTERNATIONAL COMPANY, INC., | ) | |
| on its behalf and on behalf of a class of others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-779C |
| | ) | (Judge Wheeler) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTIONS *IN LIMINE***

Defendant, the United States, respectfully moves *in limine* to exclude from trial the

following five categories of evidence to be offered by plaintiff, Starr International Company, Inc.

(Starr):

- No. 1: testimony and documents offered to demonstrate hypothetical, alternative Government assistance that American International Group, Inc. (AIG) might theoretically have received, because these have no bearing on the proper resolution of Starr's claims;

- No. 2: testimony and documents offered to show that other financial institutions received Government assistance on terms different from AIG, and which plaintiff now claims were preferable to those offered to AIG. Such comparisons could be legally relevant only to the equal protection claim that this Court previously dismissed for lack of jurisdiction. They have no bearing on the proper resolution of Starr's surviving claims;

- No. 3: testimony and documents offered to show that the revolving credit facility (including the equity term) or the reverse stock split overcompensated the Federal Reserve Bank of New York (FRBNY) for the risks it took in rescuing AIG, because these have no bearing, as a matter of law, on whether the class members suffered economic loss from the alleged taking or exaction;

- No. 4: testimony and documents offered to value property allegedly taken from the reverse stock split class based on the terms of the January 2011 Recapitalization, because this post-dates the end of the class period by more than a year and the Court already dismissed Starr's takings claim based on that transaction; and

- No. 5:  testimony and exhibits regarding Government or FRBNY employees' opinions about the scope of Federal authority under Section 13(3) or any other law.  Such opinions are irrelevant as a matter of law to the Court's legal determination of whether the actions challenged by Starr were legal.

Attached are five motions addressing each of these five categories.  We respectfully request that the Court exclude the above testimony and documentary evidence from trial because they are irrelevant to Starr's claims.  Due respect to a litigant's right to try its case in its own way does not require courts to entertain sideshows, especially when they are calculated to burden third-party witnesses (including former senior Federal officials) and require an adversary to spend its own limited time at trial cross-examining witnesses and rebutting evidence on points the Court subsequently confirms are irrelevant.

It is thus wholly appropriate at the pretrial stage for the Court to focus the trial on areas of probative evidence through issuance of orders *in limine*.  *See INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 302-03 (1996) (the purpose of motions *in limine* is "'to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters.  Such a motion enables the court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'") (quoting *Baskett v. United States*, 2 Cl. Ct. 356, 367-68 (1983)); *Weeks Dredging & Contracting, Inc. v. United States*, 11 Cl. Ct. 37, 45 (1986) (a ruling *in limine* "is a remedy designed to 'increase[e] trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial'") (quoting *Zenith Radio Corp. v. Matsushita Elec. Ind. Co., Ltd.*, 505 F. Supp. 1125, 1140 (E.D. Pa. 1980)); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) ("Rule 702 further requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in

issue.' . . . Expert testimony which does not relate to any issue in the case is not relevant and,

ergo, non-helpful.").

Exclusion of the categories of testimony and documents addressed in our motions *in limine* will conserve time and expense for the parties and witnesses, and will give the Court more opportunity to receive and consider probative evidence about the particular events and issues that are actually relevant to the litigation.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | JOYCE R. BRANDA |
|  | Deputy Assistant Attorney General |
|  |  |
|  | /s/ Robert E. Kirschman, Jr. |
|  | ROBERT E. KIRSCHMAN, JR. |
| OF COUNSEL: | Director |
|  |  |
| KENNETH M. DINTZER | /s/ Brian A. Mizoguchi by /s/ Claudia Burke |
| Acting Deputy Director | BRIAN A. MIZOGUCHI |
|  | Assistant Director |
| SCOTT D. AUSTIN | Commercial Litigation Branch |
| CLAUDIA BURKE | Civil Division |
| Assistant Directors | Department of Justice |
|  | P.O. Box 480 |
| ARLENE PIANKO GRONER | Ben Franklin Station |
| Senior Trial Counsel | Washington, D.C.  20044 |
|  | Tele: (202) 305-3319 |
| VINCENT D. PHILLIPS | Fax: (202) 514-7969 |
| Trial Attorney | Email: brian.mizoguchi@usdoj.gov |
|  |  |
|  |  |
| August 29, 2014 | Attorneys for Defendant |