# In the United States Court of Federal Claims

No. 11-779C

(Filed: March 27, 2015)

```
*************************************
                                    *
STARR INTERNATIONAL COMPANY,        *
INC., on its behalf and on behalf of a class  *
of others similarly situated,       *
                                    *
                  Plaintiff,        *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
*************************************
```

## ORDER REGARDING CLOSING ARGUMENTS

As agreed by counsel for the parties, the Court will hear closing arguments on Wednesday, April 22, 2015 beginning at 10:00 AM. The arguments will be held in Federal Circuit Courtroom 201 at the National Courts Building in Washington, D.C. The Court will grant each party two hours, divided by a lunch break. Plaintiff may reserve some of its time for rebuttal if it desires. A party may divide its presentation among different lawyers if it wishes. Electronic aids such as PowerPoint are permitted.

Counsel may organize and present their arguments in any manner they like, but the Court has the following questions that each party should address during the arguments:

1. Should Plaintiff's Fifth Amendment taking claim be regarded as a "regulatory taking" or a "physical taking?" Does the characterization of the claim as a regulatory or physical taking make any difference to the Court's analysis of liability or damages?

2. Under Delaware law, was an AIG common stock shareholder vote required regarding the Government's acquisition of a 79.9 percent equity interest in AIG, or

in connection with the June 2009 reverse stock split? What was the legal effect, if any, of not holding a shareholder vote?

3. Government officials testified at trial that bankruptcy was not an option for AIG, and they would not have allowed a bankruptcy filing to occur. If an AIG bankruptcy was not an option, what relevance, if any, does bankruptcy have to the Court's analysis of liability or damages?

4. Under the circumstances of this case, would voluntary consent constitute a valid defense to Plaintiff's illegal exaction claim?

5. In considering Fifth Amendment taking and illegal exaction claims, in what circumstances should the Court perform an economic loss analysis?

IT IS SO ORDERED.

s/Thomas C. Wheeler<br>
THOMAS C. WHEELER<br>
Judge